## SMITH v. THE K. C. ST. J. & C. B. R. Co.

1. **Railroads.:** INJURY TO STOCK: RUNNING AT LARGE. A sucking colt, following its mother which was in the control of the plaintiff, strayed and was injured by defendant's train. *Held,* that the colt, under such circumstances, must be deemed to have been running at large.

2. ——: ——: DOUBLE DAMAGES: NOTICE OF LOSS: PROOF OF SERVICE: COPIES. Proof of the service of notice and affidavit of loss, to entitle plaintiff to double damages, may be made by copies shown to be correct, without notice to the defendant to produce the originals.

3. ——: ——: WILLFUL ACT OF OWNER. The fact that the plaintiff by a voluntary act exposed the colt to danger from defendant's train, if the act was done for a lawful purpose and the danger was merely incidental thereto, does not make the act willful.

4. ——: ——: PLACE OF INJURY: RIGHT TO FENCE: INSTRUCTION. Where the evidence does not show the character of the place at the point where the injury occurred, an instruction, excluding from the jury the consideration that if the colt was injured where the defendant had no right to fence, it would not be liable, was erroneous.

*Appeal from Pottawattamie Circuit Court.*

### SATURDAY, JUNE 10.

ACTION to recover double damages for injury to a mule colt alleged to have been caused by one of the defendant's trains, where the defendant had a right to fence. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Sapp & Lyman,* for appellant.

*Percival & Morgan,* for appellee.

ADAMS, J.—The animal injured was a sucking colt. Its mother was being led by the plaintiff across the defendant's depot grounds, when the colt strayed off and passed down the track southward. A train from the north soon passed, and afterward the colt was found, with a leg broken, about a mile and a quarter from the station.

I.   The first question presented is as to whether the colt was running at large.   The defendant contends that it could not be so considered, if its mother was in the plaintiff's control; and asked the court, in substance, to so instruct, which the court refused to do.   The fact that the colt was a sucking colt, and its mother was in the control of ·the plaintiff did not, we think, show that the colt was in such control.   It might, perhaps, under ordinary circumstances be expected to follow its mother, but there was nothing but its own inclination to restrict its freedom and prevent it from straying, and we think that it must be deemed to have been running at large.

1. RAIL-ROADS: injury to stock: running at large.

II.   The plaintiff introduced as a witness, one Cloyed, who testified that he served the notice and affidavit of loss, and that certain copies introduced in evidence were the same.   The defendant asked the court in substance to instruct the jury, that the evidence of service by production of copies was insufficient, it not being shown that notice had been served upon the defendant to produce the originals.   The court refused to so instruct, and we ·think properly.   This point was expressly ruled in *Brenter v. Railroad Co.*, decided at the present term.   *Post*, p. 625.

2. —— : —— : double damages : notice of loss : proof of service : copies.

III.   The court instructed the jury that if the accident to the colt was caused by the willful act of the owner, then the defendant was not liable therefor.   But in the same connection, the court instructed the jury, that the fact that plaintiff turned the colt out into the highway for the purpose of taking it across the railroad track to the pasture would not constitute the willful act contemplated by the statute.   The defendant insists that the court erred in ruling that such act would not be a willful act as contemplated by the statute.

3. —— : —— : willful act of owner.

The mere fact that the plaintiff by a voluntary act exposed the colt to danger, would not, we think, make the act willful. If the act was done for a lawful purpose, and the danger was

merely incidental, as the evidence clearly showed, we think that the act was not willful.

IV. The court instructed the jury in substance that if the colt was the plaintiff's property, was running at large and was injured by the defendant outside of the sta-

4. ——:—— : tion grounds, the plaintiff would be entitled to
place of in-
jury ; right to
fence : in-      recover. The defendant insists that it is not lia-
struction.
ble if the colt was injured at a point where it had no right to fence, and that the court erred in excluding this consideration from the jury.

In our opinion the objection is well taken. The court doubtless supposed that if the undisputed evidence shows that the colt was injured outside of the station grounds, it was injured at a point where the defendant had a right to fence. But a careful examination of the evidence will show that it does not appear that the colt was injured where the defendant had a right to fence. The evidence does not show what the character of the place was. The colt might, for aught the evidence shows, have been injured at the crossing of a highway.

REVERSED.