# Elliott v. Kitchens.

*Action to Recover Damages to Horse and Wagon Resulting from Allowing Vicious Horse to Run at Large.*

1. *Sufficiency of complaint; when not demurrable.*—If a complaint shows a wrong committed by the defendant, which is actionable in favor of plaintiff, it is good, although nominal damages only are recoverable, and the insertion of a claim for special damages, though not legally recoverable, does not render such complaint demurrable; a demurrer not being the proper method of determining what is a correct measure of damages.

2. *Animals running at large; when not shown.*—A colt three months

old, running along directly in front and by the side of its dam, while driven to a wagon through the streets, is not "running at large," within the meaning of an ordinance making it unlawful for a horse to run at large on the streets.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This was an action brought by the appellant against the appellee, and was commenced in a justice of the. peace court. Upon judgment being rendered by the justice of the peace for the plaintiff, the defendant appealed to the circuit court.

The complaint contained two counts. The first count of the complaint claims damages in the sum of fifty dollars, for that on the 5th day of August, 1895, the defendant was the owner or keeper of a horse which was vicious, mischievous and accustomed to do mischief, and the said defendant having knowledge of said mischievous disposition of said horse, did fail to safely and securely keep said horse, and the said horse escaping did worry and chase a colt belonging to plaintiff, thereby causing a mare of plaintiff, the mother of said colt, to run away, being hitched to a wagon.

The second count claims damages for that on the 5th day of August, 1895, the defendant was the owner of a horse, which was prone and accustomed to do mischief, and the defendant did wrongfully permit said horse to run at large on the streets, avenues or alleys of the city of Jasper, while in said city there was an ordinance declaring it to be unlawful for any horse to run at large on the streets, avenues or alleys, and while so running at large said horse did fret, worry and chase a colt belonging to plaintiff, thereby causing a mare belonging to plaintiff, being the mother of said colt, to run away with a wagon, being hitched thereto, breaking said wagon and injuring said mare.

The defendant demurred to each count of the complaint, upon the grounds 1st, that the damages claimed are too remote; 2d, that the damages claimed are not the natural and proximate result of the wrong complained of. The defendant also demurred to the whole complaint upon the grounds, 1st, that the allegations of the complaint fail to show that the defendant's horse did any injury to plaintiff or his property;

[Elliott v. Kitchens.]

2d, the allegations of the complaint show that plaintiff's said mare injured herself. These demurrers were overruled. Thereupon the defendant filed the following pleas : 1st. General issue. 2d. That at the time of the alleged injury there was an ordinance in force in the city of Jasper, making it unlawful for any horse or mule to run at large on the streets or parks or alleys of the city of Jasper, and plaintiff alleges that said alleged injuries occurred in the corporate limits of the city of Jasper, and defendant further alleges that at the time the said colt was so chased or worried it was running at large on the streets, avenues or parks or alleys of the city of Jasper. 3d. That plaintiff's own wrong contributed proximately to his own injury, because he says that plaintiff unlawfully permitted said colt to run at large on the streets of the city of Jasper at the time of the said alleged injury.'' Upon these pleas issue was joined.

It was shown by the evidence for the plaintiff that his mare was injured and that his wagon was broken. The facts showing the cause of the injury are sufficiently stated in the opinion. The ordinance of the city of Jasper prohibiting animals from running at large was also introduced in evidence.

Upon the introduction of all the evidence, the court at the request of the defendant gave the general affirmative charge in his behalf, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. Plaintiff appeals, and assigns as error the giving of the general affirmative charge in favor of the defendant.

T. L. SOWELL, for appellant.—The colt of the plaintiff was not running at large within the meaning of the ordinance of the city.—*Barnes v. Chapin,* 81 Amer. Dec. 710; *McDonald v. Snelling,* 14 Allen 290 ; *Lane v. Atlantic Works,* 111 Mass. 136 ; *Goodman v. Gay,* 53 Amer. Dec. 58'' ; 12 Amer. & Eng. Encyc. of Law, 898, n. 8.

COLEMAN & BANKHEAD, *contra.*

HEAD, J.—Each count of the complaint contains a substantial cause of action. In other words, it would support a judgment by default. This is true upon the

[Elliott v. Kitchens.]

facts stated, without regard to the legal effect of the ordinance mentioned in the second count, upon the plaintiff's right of action. The sufficiency of the counts upon demurrer is not before us, and we cannot properly pass upon the questions touching that subject, discussed by appellant's counsel. We will remark, however, that it is well settled that demurrer is not the proper method of determining what is a proper measure of damage. If the complaint shows a wrong committed by the defendant, actionable in favor of the plaintiff, it is good, although nominal damages only may be recoverable. The insertion of a claim of special damage, not legally recoverable, is not cause of demurrer. We notice that the first count claims no special damages at all. Under that count there could be no recovery of more than nominal damages. The second count claims for injuries to the wagon and mare, which would let in proof of those injuries.

The question arises under the defendant's second plea, whether the plaintiff's colt was "running at large" within the meaning of that allegation of the plea; for if that allegation was proven the defendant was entitled to the general charge which the court gave—the plaintiff having joined issue on the plea. At the time of the injury the colt was about three months old, and was following its dam then being driven by plaintiff to a wagon through the streets of Jasper. In 12 Am. & Eng. Encyc. of Law, 898, we find the following: "'Running at large,' in statutes imposing a penalty on one who suffers animals to run at large in public places, is used in the sense of strolling without restraint or confinement; as wandering, roving or rambling at will, unrestrained. Perhaps, no abstract rule under the statute can be laid down, applicable to every case, as to the nature, character and amount of restraint necessary to be exercised over a domestic animal when suffered to be on the highway incident to its use. But the restraint need not be entirely physical; it may depend much upon the training, habits and instincts of the animal in the particular case; and the sufficiency of the restraint is to be determined more from its effect upon, and controlling and restraining influence over, the animal than from its nature or kind." In a note, the following quotation from *Russell v. Cone*, 46 Vt. 604, is given: "Suppose a span

of horses be so accustomed to be kept and driven together that while the owner is riding one the other will voluntarily follow as closely almost as if led by a halter; the owner while taking them along the highway in this manner could not be said to suffer the horse so voluntarily following its mate, to run at large in violation of the statute. The same may be said of a young sucking colt upon the highway, with no restraint other than instinct to follow its dam, which is being driven in a carriage on the highway." It was accordingly held, that a horse accustomed to be ridden to a certain point by the owner and then to return home alone to a point where the owner's boy was waiting for him and took care of him, was not "running at large," if his owner or his son kept so near that, owing to its training, it would not wander about the highway, but go directly home. A number of other authorities are quoted from in the notes stating similar principles. Thus, a dog following his owner, or engaged in the chase, is not "running at large." The case of *Smith v. K. C., St. J. & C. B. R. Co.*, 58 Iowa, 622, is stated as follows: "A suckling colt, following its mother, which was in the plaintiff's control, strayed and was injured by defendant's train. Held, that the colt under such circumstances, must be deemed to have been running at large." "The fact that the colt was a sucking colt and its mother was in the control of the plaintiff did not, we think, hold that the colt was in such control. It might perhaps under ordinary circumstances be expected to follow its mother, but there was nothing but its own inclination to restrict its freedom and prevent it from straying, and we think that it must be deemed to have been running at large." If that case be regarded as sound, it is yet distinguishable from the present. There the colt of its own volition, strayed away from its dam, and, when injured, was at large, under no restraint of instinct or otherwise. Here the facts were that the colt was following its dam, and the defendant's horse, loose upon the street, ran after it. The colt ran along directly in front of, and by the side of its dam, and plaintiff kept the horse from it by throwing chips and trash at him, which he picked up in the bed of the wagon, until he drove up to the foundry and got out of the wagon, when the horse got in between the colt and its mother and chased it away, caus-

[Gafford v Dunham.]

ing the mare to break away from the plaintiff's control
and run, with the wagon, after the colt.    There was not
only the restraint of instinct actually in force at the time
of the injury, but there was the physical presence of the
owner actually exerting control and protection over the
colt.

We are of opinion that under the facts of this case,
and the principles of law above stated, the colt was not
running at large within the meaning of the plea, and
the ordinance upon which it relies.

The facts were sufficient in all other respects, to carry
the case to the jury.    The court erred in giving the
affirmative charge for the defendant.

Reversed and remanded.