# State *ex rel.* Garrett *v.* Sawyer.

### *Quo Warranto Proceedings.*

1. *County precincts or beats; legislature has power to create and abolish same.*—The legislature having the authority to create or establish precincts of a county by or through the court of county commissioners, or by direct legislative enactment, it is likewise within the legislative power to alter, change or· abolish the precincts or beats of. a county as established.

2. *Statutes; construction of statutes passed on same day but which take effect on different days.*—Where two statutes relating to the same subject matter are approved on the same day, but one of them goes into effect on the day of its approval, while the other takes effect, by virtue of its own provisions, at a day subsequent to its approval, the statute taking effect last will be considered as an amendment to the other statute.

3. *Justice of the peace; effect of abolishing precinct for which justice elected.*—Where, by an act of the legislature, a designated precinct in a particular county is abolished, and the territory embraced within the boundary of such precinct is added to and made a part of another then existing precinct of said county, the abolishment of such precinct abolishes the office of justice of the peace for that precinct; and after

[State *ex rel.* Garrett v. Sawyer.]

such act of the legislature goes into effect, the justice of the peace elected for the precinct abolished, can not exercise the functions of his office within the boundaries of the precinct to which the one abolished was added, although by a prior act of the legislature, the justices of the peace of the precinct which was abolished, were authorized to exercise their jurisdiction in the precinct to which the one abolished was attached.

APPEAL from the City Court of Anniston.

Heard before the Hon. THOMAS W. COLEMAN, JR.

This was a statutory proceeding in the nature of *quo warranto.* The purpose of the proceding and the averments of the amended petition are sufficiently stated in the opinion.

The respondent demurred to the amended petition, upon the following grounds: "(1.) That said complaint shows that the defendant is a duly elected and qualified justice of the peace of Calhoun county, Alabama. (2.) That said complaint shows that defendant is a duly elected and qualified justice of the peace for Beat 15 of Calhoun county, Alabama. (3.) That said complaint shows that defendant is a duly elected and qualified justice of the peace for the term of four years from August 6, 1900, for the territory formerly known and designated as Beat 21, now a part of Beat 15 of Calhoun county, Alabama, and he is now such justice of the peace. (4.) For that the act of the General Assembly of Alabama approved on February 6, 1901, shows that the defendant is authorized to exercise jurisdiction over all the territory now embraced within Beat 15 of said Calhoun county, Alabama." The demurrer was sustained, and the petitioner declining to amend its complaint, judgment was rendered dismissing the petition. From this judgment the petitioner appeals, and assigns as error the sustaining of the demurrer to the petition, and the rendition of judgment in favor of the respondent.

T. C. SENSABAUGH, and WILLIAM L. MARTIN, for appellant.—If the two acts above set out had gone into effect at the same time there might be difficulty in reconciling their provisions or giving to each a field of op-

eration; but since one of them took effect upon its passage and the other on the first day of March, 1902, more than a year from the date of approval—no difficulty is encountered in giving to each of them a proper field of operation.

In such case "the act taking effect last is an amendment to the statutes as amended by the act taking effect first."—*Harrington v. Harrington,* 43 Vt. 649; *Endlich* Inter. Statutes, § 500.

The legislature having the undoubted power to create new political subdivisions or to abolish them and incorporate their territory into another subdivision, the exercise of this power overrides and destroys the right to office in the abolished or changed territory, even though the constitution prescribe the office and fix the term. *People v. Morrell,* 21 Wend. (N. Y.) 563; *Matter of Gertrum v. Board of Supervisors,* 109 N. Y. 170.

BLACKWELL & AGEE, *contra.*—The respondent Sawyer is undoubtedly still a justice of the peace and having been elected, he can only be removed from his office by being impeached.—Code, §§ 1576, 2658, 3055; Constitution of 1875, Art. VII, § 3; *Nolen v. State,* 118 Ala. 154.

DOWDELL, J.—This is a proceeding in the nature of a *quo warranto* commenced by the State of Alabama on the relation of Elmore Garrett against A. B. Sawyer, and seeks to oust the defendant from office of justice of the peace of Beat 15, Calhoun county.

The petition was demurred to both as originally filed and as amended, and upon the demurrer being sustained by the court, the relator declined to further amend whereupon judgment was rendered in favor of the defendant, and from this judgment the present appeal is taken.

The information as amended alleged that A. F. McGhee and Elmore Garrett were elected justices of the peace for precinct fifteen (15), Calhoun county, on August the 6th, 1900, and that they duly qualified and were inducted into said office, and were duly commissioned

[State *ex rel.* Garrett v. Sawyer.]

by the Governor as such justices for precinct 15, and that at the same time the defendant Sawyer was elected justice of the peace for precinct twenty-one (21) of said county.

At the date of the election of said Garrett and Sawyer to the office of justice of the peace, respectively, of precincts fifteen and twenty-one, the city of Anniston, Calhoun county, was divided into four precincts, viz., fifteen, twenty-one, twenty-two and twenty-three. On the 6th day of February, 1901, two acts of the legislature were approved, as follows: "An act to allow justices of the peace of beats 15, 21, 22 and 23 of the county of Calhoun to hold their courts and offices in either of said beats and to have and exercise jurisdiction in either of said beats.

"Section 1. Be it enacted by the General Assembly of Alabama, that justices of the peace in beats 15, 21, 22 and 23 in the county of Calhoun shall be allowed to hold their offices and courts in either of said beats, and shall have and exercise their jurisdiction in either and all of said beats; provided, the provisions of this act do not apply to the notaries public and ex-officio justices of the peace in the aforesaid beats, except the notary public and ex-offiicio justice of the peace in beat 15." "Approved February 6, 1901."—Acts, 1900-1901, page 787.

"An act to abolish precincts 21, 22 and 23 of Calhoun county, and to dispose of the territory embraced therein, and to prevent the commissioners court of said county from hereafter changing said boundary lines of beat 15 as provided by this act.

"Section 1. Be it enacted by the General Assembly of Alabama, that precincts 21, 22 and 23 in Calhoun county as now established be and the same are hereby abolished, and that the territory embraced within the boundaries of the said precincts be and the same is hereby added to and made a part of precinct 15 of said Calhoun county.

"Section 2. Be it further enacted, that the commissioners' court of said county are hereby prevented from hereafter changing the boundary lines of beat 15 as created by this act.

[State *ex rel.* Garrett v. Sawyer.]

"Section 3.  Be it further enacted, that this bill does not take effect until March 1, 1902."  "Approved February 6, 1901."—Acts, 1900-1901, page 791.

It is shown that at the time of the passage of these acts the relator, Garrett, was a duly elected and commissioned justice of the peace for precinct 15, and was then acting as such, and has been since so acting down to the filing of this information; and that the respondent Sawyer was at the time of the passage of said acts a duly elected and commissioned justice of the peace for precinct 21, and has since the passage of the acts continued to exercise the powers and jurisdiction of a justice of the peace, not only in the territory embraced in the beat for which he was elected, namely, precinct 21, but also in the territory embraced in original beat 15, and has so acted since the first of March, 1902, at which date the last above mentioned act went into effect.

The constitution of 1875, under which the questions here involved are to be determined, provides as follows: Art. VI, Sec. 26.  "There shall be elected by the qualified electors of each precinct of the counties not exceeding two justices of the peace and one constable. * * * * The term of office of such justices shall be prescribed by law."  The precincts or beats of a county are territorial subdivisions of the county and in their nature political subdivisions.  They may be created or established by the court of county commissioners under legislative authority, or by direct legislative enactment.  It is likewise within legislative power to alter, change, or abolish the precincts or beats so established at will, there being no constitutional restriction or limitation on such power. The precincts or beats are definite as to territorial boundaries, and are commonly designated by numbers.  Here the legislature by the act last above mentioned, *abolished* precincts designated and numbered 21, 22 and 23, and added the territory theretofore embraced in said precincts, to and making it a part of precinct numbered and designated as precinct 15.  This was undoubtedly within legislative competency.—*People v. Morrell,* 21 Wend. (N. Y.) 563; *Matter of Gertum v. Board of Supervisors,* 109 N. Y. 170.

Under the act last above set out, after the first of March, 1902, when the same went into effect, there no longer existed in the county of Calhoun any such political or territorial subdivision as beat or precinct 21. By the provisions of the constitution, not exceeding two justices of the peace can be elected, and of necessity commissioned, for one beat or precinct. The relator, Garrett and A. F. McGhee were duly elected and commissioned as justices for beat 15. The number of justices for this precinct could not be increased to three or more by direct enactment, and certainly not indirectly by legislation abolishing the beats, and adding the territory to and making it a part of another beat.

It is unnecessary to express any opinion as to construction, if the two acts set out had gone into effect at the same time. But since one of them went into effect on its passage and the other at a date subsequent to its approval, a field of operation is given to both acts. In such a case "the act taking effect last is as an amendment to the statutes as amended by the act taking effect first."—*Harrington v. Harrington,* 43 Vt. 649; Endlich Inter. Statutes, § 500.

Here the act last taking effect by necessary implication on the day when it went into effect, operated a repeal of the other.

The respondent Sawyer was elected and commissioned as a justice of the peace for precinct 21. This precinct no longer exists. His election and commission conferred upon him no right to exercise the power and jurisdiction of a justice in precinct 15, and the act first above set out which did extend his powers and jurisdiction to the territory embraced in precinct 15, ceased to be operative when the second act above set out went into effect on the 1st of March, 1902.

Our conclusion is that the effect and result of the legislation abolishing precinct 21, abolished the office of justice in that precinct.

It follows from the foregoing views that the judgment of the trial court must be reversed, and the cause will be remanded.

Reversed and remanded.