# Yung *v.* The State.

*Violating Opening and Closing Law.*

(Decided Jan. 13, 1909   48 South. 490.)

*Intoxicating Liquors; Keeping Open at Prohibited Times; Offense.*—While Section 1 of the Act of Aug. 2nd, 1907 (General Acts 1907, p. 518) make it unlawful to have open or to admit any person to a place where liquors are sold between certain hours, and also make it unlawful to sell or otherwise dispose of intoxicants during the closed hours, yet section 2 of said act does not make it a misdemeanor to keep open, but only to sell or otherwise dispose of such intoxicants, and provides a penalty only for the selling or other disposition of intoxicants between such hours; hence, the mere having open such a place within the prohibited hours cannot be criminally punished, and as the mere keeping open is not declared to be a misdemeanor, nor is it a misdemeanor at common law, section 7622 Code 1907, has no application thereto. (The act referred to is now Sections 7378 and 7379, Code 1907.)

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

John Yung was convicted of violating Act Aug. 2, 1907 (Gen. Acts 1907, p. 518), regulating the opening and closing of saloons and the sale of intoxicating liquor, and he appeals. Reversed and remanded.

HILL HILL & WHITING, for appellant. The demurrer to the indictment was well taken.—*Watson v. The State,* 140 Ala. 134; *Hornsby v. The State,* 94 Ala. 55; *Mays v. The State,* 89 Ala. 35. The crime denounced by section one of the act is not declared to be a misdemeanor or a felony, and no punishment is fixed for its violation. It is therefore inoperative.—*Johnson v. The State,* 100 Ala. 32.

ALEXANDER M. GARBER, Attorney-General, for the State. Counsel criticizes the case cited by appellant to support his construction of section one of the act, and cites the act in support of his contention.

DOWDELL, J.—This appeal is prosecuted by the defendant, John Yung, from a judgment of conviction in the city court of Montgomery, on an indictment preferred under an act of the Legislature approved August 2, 1907 (Gen. Acts 1907, p. 518), and entitled an act "To further regulate the opening, closing and operating saloons, and giving away or selling spirituous, vinous or malt liquors under a license from the state, and to punish the violation thereof." The act was adopted into the Code of 1907 as article 3, c. 248, p. 773, Cr. Code 1907, embracing sections 7378-7382, inclusive. The indictment followed the form prescribed in the act, and hence was not subject to the grounds of demurrer assailing its sufficiency in this respect. The first section, among things, makes it unlawful "to have open or to admit any one or more persons into the house or place

where spirituous, vinous or malt liquors are stored, kept or sold," etc., after certain hours of the day. Section 2, which provides a penalty for a violation of the statute, reads as follows: "That any person or persons having a license to sell spirituous, vinous or malt liquors, or the agent, employe or servant of such person or persons who directly or indirectly sells or gives or delivers any spirituous, vinous or malt liquors to any person in or from such house or place in which such license authorizes the doing of business at any time prohibited by this act shall be guilty of a misdemeanor and on conviction shall be fined not less than fifty nor more than five hundred dollars and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months." It will be observed that by this section, and it is the only one that relates to punishment, no punishment is provided for having open doors within the prohibited hours mentioned in section 1, nor is it declared to be a misdemeanor. The punishment provided for in the statute is confined to a violation of the provision in respect to the selling or otherwise disposing of the spirtuous, vinous, or malt liquors within the prohibited hours. As to having open doors the statute does nothing more than to declare the same unlawful within the prohibited hours, without even declaring it to be a misdemeanor to do so. Not being a misdemeanor at the common law, nor made so by the statute, section 7622 of the Code of 1907, which provides for the punishment of a misdemeanor where no punishment is particularly specified in the statute, is without application.

The undisputed evidence was that the defendant ran a restaurant, in which he also conducted a bar where spirituous liquors were retailed under a license from the state. The front door of his place of business was open within the prohibited hours; a servant being at

the time engaged in sweeping out the place. There was no evidence of any sale or giving away or delivering by the defendant, directly or indirectly, of any spirtuous, vinous, or malt liquors within the prohibited hours; indeed no pretense of such by the prosecution, the state relying for a conviction solely upon the fact of the defendant having open the door of his place of business within the prohibited hours. As we have observed above, this was no offense for which he could be criminally punished under the statute. The defendant was therefore entitled to the general charge as requested in writing, and the trial court erred in its refusal.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.