175 So. 335

## WILLIAMS v. STATE.

### 3 Div. 788.

Court of Appeals of Alabama.

June 8, 1937.

Powell & Hamilton, of Greenville, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

■ The court in its oral charge to the jury, very correctly, defined assault with intent to murder as follows:

"An assault with intent to murder, Gentlemen, is an assault committed unlawfully, willfully and maliciously and with intent to take the life of the party assaulted. Now unlawful means without legal excuse or justification. Willful means that the defendant must have been governed by his will as contra-distinguished from a sudden or rash act, and malice is a mental state or condition of one's mind which prompts him to do an unlawful act without legal excuse or justification."

The above is a full, fair, and explicit statement of the law, as applicable to the case at bar, and the facts as testified to by the state's witnesses would justify a verdict under said charge.

It is argued, very strongly, by appellant's counsel, that this was a fight between seventeen year old boys, and there is an entire absence of any evidence tending to prove the intent to take life. Ordinarily, juries look with much leniency upon assaults made by boys in their teens; but the evidence in this case discloses a particularly vicious assault by the defendant upon the party assaulted, and without such justification as would appeal to a jury for leniency. The jury trying this case had all of the parties before them, they heard the evidence; they were in position to weigh the testimony and to observe the defendant and his manner. The evidence warrants a verdict of guilt. The learned judge, before whom the cause was tried, heard all of the facts; had the benefit of a personal supervision of the trial; and his judgment was that the verdict should not be set aside. Under the law, we would not be authorized to hold that the trial judge committed error in overruling the motion for a new trial.

■ There is absolutely no merit in the insistence of appellant that the court committed reversible error in refusing requested charges "A," "B," and "C." Refused charge "A" was covered in the oral charge of the court, and charges "B" and "C" were invasive of the province of the jury, in that there was sufficient evidence upon which to base the verdict of assault with intent to murder.

We find no error in the record, and the judgment is affirmed.

Affirmed.