DALTON *v.* DEAN.

(*Knoxville,* September Term, 1939.)

Opinion filed February 17, 1940.

Phillips & Hale, of Rogersville, for plaintiff in error.

Eastman Portrum, of Rogersville, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought by J. C. Dean as next friend for his sons to recover damages for the negligent killing of a collie dog owned by the boys. Defendant Dalton ran his automobile over the dog and killed him. There was a judgment in favor of the plaintiff for $25 in the circuit court, affirmed by the Court of Appeals, and defendant has filed a petition for *certiorari*.

The petition for *certiorari* and assignments of error apparently concede that there was material evidence tending to show the defendant was guilty of some negligence in the operation of his car. The dog was killed crossing one of the streets in Rogersville along which defendant was proceeding in his automobile.

The defendant insists that the owners of the dog were guilty of such contributory negligence as to preclude any recovery and as a basis for this argument defendant relies on section 5086 of the Code. This section is as follows:

"It shall be unlawful for any person to allow a dog belonging to him, or under his control, or that may be habitually found on premises occupied by him, or immediately under his control, to go upon the premises

of another, or upon a highway or upon a public road or street; provided, however, that this and the following section shall not apply to a dog on a hunt or chase, or on the way to or from a hunt or chase, nor to a dog guarding or driving stock, or on the way for that purpose, nor to a dog being moved from one place to another, by a person owning or controlling a dog, but the foregoing exemptions shall not apply unless all damages done by dogs therein exempted, to the person or property of another, shall be paid or tendered to the person so damaged, or to his agent, within thirty days after the damage is done.''

The evidence shows that the boys owning the dog had taken him across the street to the yard of a neighbor, where the three were engaged in catching grasshoppers. This project was undertaken to procure grasshoppers to feed to a horned toad which was kept as a pet by another neighbor. The boys returned to their own side of the street after a time and the dog, undertaking to follow them across the street, was struck and killed by the automobile.

The Court of Appeals expressed the opinion that the dog and its owners were taken out of the ban of the statute by the exception in favor of ''a dog on a hunt or chase, or on the way to or from a hunt or chase.'' That court thought that a hunt or chase was still a hunt or chase although the quest of the effort was only a grasshopper.

Without expressing any opinion as to the foregoing, we are satisfied that this dog was not on the street in violation of section 5086, since that section excepts ''a dog being moved from one place to another, by a person owning or controlling a dog.'' This section of the Code was headed by the codifiers ''Dogs not allowed at

large, except.—." The section is based on chapter 50 of the Acts of 1901, amended by chapter 419 of the Acts of 1903, and both these statutes, as their captions show, undertake to deal with dogs at large.

■ ■ To be at large means to be free and unrestrained. A dog is quite generally obedient to its master and is not at large when accompanying or following its master, but is under control. In being moved by its master, going with its master from one place to another, the dog is under control of its master and by the very language used therein is taken out of the condemnation of section 5086 of the Code.

*Cincinnatti, N. O. & T. P. R. Co.* v. *Ford,* 139 Tenn., 291, 202 S. W., 72, approved in *Stagner* v. *Craig,* 159 Tenn., 511, 19 S. W. (2d), 234, dealt with a dog at large —under no control, and it was held that the contributory negligence of an owner allowing his dog to run at large on a public highway barred any recovery for the negligent killing of such dog.

■ The Code section relied on and the statutes upon which it is based have never been understood as making an outlaw of a dog accompanying its master along the highways. This legislation was directed, according to its title, against dogs running at large—dogs under no control.

The petition for the writ of *certiorari* is denied.