107 So.2d 907

George H. RANDLE

v.

W. N. PAYNE.

6 Div. 543.

Court of Appeals of Alabama.

Oct. 7, 1958.

Rehearing Denied Dec. 2, 1958.

---

1. Ante, p. 84.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellant.

Huey, Stone & Patton, Bessemer, for appellee.

**654**

HARWOOD, Presiding Judge.

Upon appellant's application for rehearing, we are withdrawing our original opinion, and substituting in lieu thereof the following opinion, the effect of which is to eliminate certain matters contained in the original opinion, which, upon further consideration we deem to be unnecessary to the conclusion originally reached.

In the suit below damages were claimed for injuries resulting from a collision between plaintiff's truck and a bull owned by the defendant.

As originally filed the complaint contained one count, alleging that the plaintiff, while driving his truck on a public highway in Jefferson County, Alabama, known as U. S. Highway 11, collided with a bull, the property of the defendant, which the defendant had *negligently* allowed to run at large on said highway; and that plaintiff's damages to his truck were the proximate result of defendant's negligence, etc.

The defendant's demurrer to this count was sustained, and the plaintiff amended his complaint by filing count A.

Count "A" is substantially the same as the original count, except that it alleges that the defendant had *knowingly or wilfully* placed said bull upon the highway.

The defendant's demurrer to count A being overruled the defendant filed a plea of recoupment, and a plea of in short by consent, etc., and it was upon these issues that the case was submitted to the jury, although there were other pleadings which are not material to this review.

The jury returned a verdict in favor of the plaintiff, and assessed his damages at $800.00.

The defendant duly filed a motion for a new trial, which after hearing and argument, was granted by the court upon ground 12, which ground was based upon the refusal of the court to give at the request of the defendant the written general affirmative charge with hypothesis.

This appeal is from the court's ruling granting such motion.

The evidence presented by the plaintiff tended to show that as the plaintiff and his wife were riding along the highway in plaintiff's truck, with plaintiff driving, a bull belonging to the defendant appeared suddenly on the highway. The truck collided with the bull, resulting in the death of the bull and damages to the truck.

The plaintiff also introduced evidence to the effect that the bull was kept in a pasture, the fence of which ran along the highway within six inches of the right of way, and that this fence was in a state of disrepair in certain portions.

The evidence presented by the defendant tended to show that the fence was in good shape.

Dr. Payne, the defendant, testified that he had spent the day at his farm on the day of the collision. It was Labor Day, and the employees on the farm were away for the day; that five bulls were in the pasture at the time he left; that after he had reached his home in Bessemer he received a telephone call notifying him of the collision.

According to the defendant the bull which was killed was a registered black angus, of a value of $1500.00.

The doctrine established by the early statutes and decisions of this State, prior to more recent legislative enactments, was that the owner of livestock was not liable for damages for intrusions of stock on the lands of another. The burden was upon the landowner to fence stock out.

Such has been the law since the formation of Alabama, for the laws of the Mississippi Territory, which were adopted by the State of Alabama at the formation of our State constitution, contain provisions in direct repugnance to the common law on this subject, and to the extent of this repugnance repealed the common law. Nashville & C. R. R. Co. v. Peacock, 25 Ala. 229.

This of course was the reverse of the common law rule requiring the owner to fence his stock in, and making the owner liable for trespasses committed by stock which he suffered to run at large. Hurd v. Lacy, 93 Ala. 427, 9 So. 378. In other words, we were an open range State.

In 1939 the legislature enacted a rather comprehensive stock law. This act appears in our code as Title 3, Sections 77–101 inclusive.

Section 78, supra, provides, in parts pertinent to this review, as follows:

"On and after March 1, 1941 it shall be unlawful for the owner of any livestock or animal, as hereinafter defined, to knowingly, voluntarily, negligently, or wilfully permit any such livestock or animal to go at large in the State of Alabama either upon the premises of another or upon the public lands, highways, roads, or streets in the State of Alabama."

Section 79, supra, makes the owner of stock running at large liable for all damage done to crops, trees, shrubs, and flowers, but contains the following exception as to the liability of the owner for damage done motor vehicles and occupants by at large stock:

"Provided, however, that the owner of any stock or animal shall not be liable for any damages to any motor vehicle, or any occupant thereof, suffered, caused by, or resulting from a collision with such stock or other animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such public highway, road or street, where such damages were occasioned."

Sections 90, 91, 92, and 93, supra, set up provisions whereby, upon petition of twenty-five per cent of the qualified electors of a county an election might be held to determine if a county should be open range or closed range.

In other words, the 1941 Act made of Alabama a closed range State, but with provisions whereby a county could elect to become open range.

In 1951, the Legislature passed an act, which was duly approved by the Governor on 30 May 1951, by which it was provided that Sections 90, 91, 92, and 93 of Title 3, Code of Alabama 1940, were repealed, and also repealed were "all other laws or parts of laws in conflict herewith." This 1951 Act is carried forward in the Code as Section 93(1), Title 3 (Pocket Part). See also 1951 Acts of Alabama, p. 266.

The effect of the 1951 Act, supra, was to remove the theretofore existing provisions from the stock law whereby a county could elect to become an open range county.

In their brief counsel for appellant point out that in the 1951 session of the legislature, there was also an Act authorizing and requiring the impounding of stock running at large upon the highway. See 1951 Acts of Alabama, p. 1454, Act No. 822.

Counsel for appellant state that for the purpose of this appeal they take the position that these two 1951 Acts, supra, "supersede the provisions of Title 3, Sections 78 and 79; and if in this we are mistaken then we take the position that the provisions of Section 79, relieving the owner of liability unless he knowingly and wilfully placed the animal upon the highway is unconstitutional; and thirdly, that if such provision can be held constitutional it must be applied in a reasonable way, and the placing of animals in an enclosure along a populous highway is tantamount to placing the animals on the highway."

We are somewhat perplexed by counsel's contention that Sections 78 and 79 were "superseded" by the 1951 Act, supra.

When used in connection with a federal law, operating in the same field and covering the same subject, the words "supersede" and "suspend" are commonly used interchangeably. The state or territorial law, under such conditions is deemed suspended, or stayed, rather than annulled. Chicago, R. I. & P. R. Co. v. Holliday, 45 Okl. 536, 145 P. 786. See also Commonwealth of Pennsylvania v. Nelson, 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640.

On the other hand, when the word "supersede" is used in a statute, as where a later statute shall "supersede" a prior enactment, the word "supersede" is construed in the sense of "repeal." City of Los Angeles v. Gurdane,, 9 Cir., 59 F.2d 161; Cleveland v. City of Watertown, 99 Misc. 66, 165 N.Y.S. 305.

We think of necessity we must approach this review on the basis of whether the 1951 Act repealed the limited remedy provided in Section 79 of the 1939 Act, which in effect created a new cause of action, i. e., liability of the owner of stock running at large on a public highway, where no such right, or remedy, had before existed.

It is appellant's contention, in effect, that the 1951 Act reinstated the common law, which allows a remedy based on negligence for damages by trespassing cattle, and therefore, by implication, repealed the limitations for recovery placed on the owner of a motor vehicle injured by stock at large on a public highway as provided in Section 79, supra.

As stated in 1 Am.Jur., "Actions," Section 12: "It is an established principle that if the statute creating a new right where none existed before provides, also, a valid remedy for the enforcement of the right created, the remedy thus given must be pursued in the enforcement of the right, to the exclusion of any other remedy, provided it is an adequate one."

If the limited remedy provided in Section 79 of the 1939 Act for the owner of motor vehicles for damages caused by stock at large on a public highway be deemed repealed by the 1951 Act, such repeal must result by implication because of repugnancy between the 1939 and the 1951 Acts. We cannot read any repugnancy between the two acts merely because the 1951 Act omits to create or enlarge the existing remedy provided in Section 79. Indeed, repeals of statutes by implication are not favored, and if the latter statute is not repugnant or inconsistent with the prior statute, it must be deemed to continue in full operative effect. See 18 Ala. Digest, Statutes, ⊛158 and 159 for innumerable authorities. This being so, it is our conclusion that the owner of a motor vehicle suffering damage from stock at large is limited to the remedy provided by Section 79, supra.

There must be proof to the effect that the owner of the stock knowingly or wilfully placed the stock upon the public highway.

"Wilfullness" signifies a designed set purpose, intention, or deliberation. Payne v. Vance, 103 Ohio St. 59, 133 N.E. 85.

We find no evidence in this record that this defendant placed his bull upon Highway 11 knowingly, or wilfully. The value of the bull ($1500.00) in and of itself would tend to negative completely the elements of knowingly and wilfully placing him on a highway highly travelled.

Counsel for appellant asserts that Section 79, supra, is violative of Section 13 of the Alabama Constitution which provides "That every person, for an injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law."

The injury mentioned in Section 13, supra, is damage resulting from breach of a legal duty. Whatever damage results from doing that which is lawful does not lay the foundation of an action. Pickett v. Matthews, 238 Ala. 542, 192 So. 261.

Prior to the 1939 Act, supra, it was lawful for one to suffer stock to run at large upon a public highway. Crittenden v. Speake, 240 Ala. 133, 198 So. 137.

 It became unlawful so to do by the 1939 Act. At the same time that the legislature created this new legal duty it also provided a remedy imposing liability for its breach. This remedy, in case of injury to motor vehicles, was limited to those cases where the owner knowingly or wilfully placed stock on the highway. These limitations placed on the liability thus created became a part of the right created. See 1 Am.Jur., Actions, Sec. 11. Having the power to create a new legal duty, necessarily the legislature had a right to limit the liability for breach of such duty.

It is our conclusion therefore that the lower court did not err in granting the motion of the defendant-appellee for a new trial upon the ground indicated.

It is further our opinion that the court properly sustained the defendant's demurrer to count one as originally drawn, for the reasons indicated in our opinion above.

Affirmed.

Opinion corrected; application for rehearing overruled.

CATES, Judge (dissenting).

At the outset, we must remember that maxims, such as expressio (or enumeratio) unius est exclusio alterius and construction in pari materia, are but rules to aid in ambiguous cases. The paramount rule is that of ascertaining legislative intent, and while expressions of this principle sound trite, yet perhaps this is because they are familiar rather than because they are shopworn. Glencoe Paving Co. v. Graves, 266 Ala. 154, 94 So.2d 872. See Sutherland, Statutory Construction, § 4502—"Statutes clear and unambiguous."

Act No. 53, entitled "An Act To make it unlawful for livestock or animals to go at large in any county in the State, and repealing conflicting laws," approved May 30, 1951, effective one year later, begins:

"There shall be no 'open range counties' * * *"

—a clear abolition of the local option as to open or closed range formerly available.

But the act does more:

" * * * it shall be *unlawful* for horses * * * bulls * * * to go at large in any county in the State." (Italics added.)

Section 2 repeals (1) Code 1940, T. 3, §§ 90, 91, 92, and 93, and (2) *"all other laws* or *parts of laws* in conflict." (Italics added.)

What effect does this law have with respect to Code 1940, T. 3, §§ 78 and 79? Section 78 provides in part:

" * * * it shall be unlawful for the owner of any livestock * * * as hereinafter defined,[1] to knowingly, voluntarily, negligently, or wilfully permit any such livestock * * * to go at large in the State of Alabama * * * upon the public * * * highways * * *. Nothing in this section or elsewhere in this article [§§ 77–99] shall be construed * * * to subject the owner * * * to criminal prosecution therefor."

Continuing thereafter and conferring a lien on depredating animals, § 79 goes on:

"Provided, however, that the owner * * * shall not be liable for any damages to any motor vehicle [in a collision case] unless it be proven that such owner *knowingly* or *wilfully* put * * * such stock upon such public highway * * *." (Italics added.)

It would seem clear that §§ 78 and 79, supra, *in automobile-livestock collision cases,*

---

1. No definition appears thereafter.

a) confer a civil remedy only;

b) limit this remedy to cases where the "owner knowingly or wilfully put" the stock on the right of way.

Here, in Act No. 53, supra, we have a new statute making it "unlawful" for stock to go at large, i. e., unattended, by design or neglect of the owner, Dalton v. Dean, 175 Tenn. 620, 136 S.W.2d 721, Leavenworth, T. & S. W. Ry. Co. v. Forbes, 37 Kan. 445, 15 P. 595, Elliott v. Kitchens, 111 Ala. 546, 20 So. 366, 33 L.R.A. 364, 56 Am. St.Rep. 69.

"Unlawful" means, ordinarily, without legal excuse or justification. Williams v. State, 27 Ala.App. 504, 175 So. 335; see also Tatum v. State, 66 Ala. 465.

We do not need to decide whether "unlawful" imports a crime—Yung v. State, 158 Ala. 38, 48 So. 490.

Our sole problem insofar as the operation of Act No. 53 is concerned is whether or not it impliedly includes the proviso of § 79—to make it necessary to prove "knowledge" or "wilfulness" in addition to unlawfulness.

To my mind, this would be analogous to saying that in all cases of involuntary manslaughter the State must prove the elements of voluntary manslaughter.

Act No. 53 in nowise expressly mentions §§ 78 and 79. While, true enough, it does not repeal those sections, nevertheless the new statute is clearly a self-contained and cohesive unit of legislation removing all permissive exceptions to the common law doctrine. Its title is not confined merely to the abolition of open range counties.

Whether or not §§ 78 and 79 are repealed as being in conflict, we need not decide, because (1) Act No. 53, being the later en-

actment, takes precedence, and (2) the civil remedy conferred is cumulative by any reasonable analysis of its substantive content, i. e., it confers an action for *negligence*.

Before 1952, the owner of a damage feasant animal on the highway was liable only in what was essentially a trespass to goods or person.

To say that the proviso of § 79 must still control is to ascribe nothingness to the word "unlawful" as used in Act No. 53, because such a construction would be to leave the pre-1952 civil remedy unchanged.

We cannot presume the Legislature to use words signifying nothing, Standard Oil Co. of Kentucky v. State, 218 Ala. 243, 118 So. 281.

Rather, a new right, i. e., an action of trespass on the case, was created; and, if there is any inconsistency, the later enactment prevails, State, ex rel. Garrett v. Sawyer, 139 Ala. 138, 36 So. 545. Though I see no reason why two remedies cannot be available for different sets of facts.

The distinction between trespass and case [2] exists both as to right and remedy: Section 13 of the Constitution requires (as does the Statute of Westminster II [3]) that a right shall not fail for want of a remedy.

Moreover, it is clear that the Legislature wanted more than a mere establishment of the common law as to trespass by cattle. This Act was designed to repeal the doctrine of the statutes and decisional law illustrated by Pelham v. Spears, 222 Ala. 365, 132 So. 886. For a collection of decisions, see Annotation 59 A.L.R.2d 1328. "Going at large" is what is made unlawful; the statute ignores the old pre-automobile "propensity of the animal" principle. The

---

2. See Sibley v. Odum, 257 Ala. 292, 58 So.2d 896; Sarber v. Hollon, 265 Ala. 323, 91 So.2d 229; L. & N. R. R. Co. v. Johns, 267 Ala. 261, 101 So.2d 265. Trespass vi et armis had three main (though not all-inclusive) divisions (1) de bonis asportatis, (2) assault and battery, (3) quare clausum fregit;

trespass sur la case broke off into (1) assumpsit, (2) trover, (3) case, (a) negligence, (b) deceit, (c) words—Maitland, The Forms of Action at Common Law; iii Bl.Com. 153.

3. 2 Inst. 485; 13 Edw. I, c. 50, I Stat. at Large (Pickering), p. 230: "Moreover,

duty is now not to allow the named beasts "to go at large."

I respectfully dissent because it seems to me that the Legislature intended to make a clean sweep of the theretofore Sisyphean labor of attempting to fasten legal liability upon the negligent owner of a damage feasant animal loose upon a highway.