WRIGHT, Presiding Judge.
Plaintiff appeals from a judgment of the Marengo County Circuit Court denying a claim for damages resulting from a collision between plaintiff’s automobile and defendant’s calf. The only issue is the constitutionality of § 3-5-3(a), Code of Alabama (1975). We find the statute to be constitutionally sound and affirm.
Section 3-5-3(a) provides:
The owner of such livestock or animal being or running at large upon the premises of another or upon the public lands, roads, highways or streets in the state of Alabama shall- be liable for all damages done to crops, shade or fruit trees or ornamental shrubs and flowers of any person, to be recovered before any court of competent jurisdiction; provided, that the owner of any stock or animal shall not be liable for any damages to any motor vehicle or any occupant thereof suffered, caused by or resulting from a collision with such stock or other animal. unless it be proven that such owner knowingly or willfully put or placed such stock upon such public highway, road or street where such damages were occasioned. (Emphasis ours.)
The appellant charges that the underlined proviso of § 3-5-3(a) violates the due process and equal protection provisions of the United States Constitution and the Alabama Constitution.
This court’s predecessor, the Alabama Court of Appeals, discussed the proviso in the statute in relation to the due process provisions of the Alabama Constitution (§ 13) in the case of Randle v. Payne, 39 Ala.App. 652, 107 So.2d 907 (1958), cert. denied, 268 Ala. 697, 107 So.2d 913 (1959). The proviso was held not to violate due process. That decision has been favorably cited and inferentially approved by subsequent cases of our supreme court as recently as 1979. Coxwell v. Whatley, 367 So.2d 962 (Ala.1979); Chandler v. Waugh, 290 Ala. 70, 274 So.2d 46 (1973). The majority of the court in Randle discussed the evolution of stock laws in Alabama from the time of the formation of the state up to the enactment of the present statutes. It was stated therein that Alabama as a new state adopted the stock laws of the Mississippi Territory, of which Alabama had been a part. Those laws were “open range” laws. That is, the owner of stock was not liable for damage for intrusion of his stock on the lands of another or public ways.
The court then indicated that by Title 3, § 79, Code of Alabama (1940) (§ 3-5-3(a), Code of Alabama (1975)), the legislature enacted in 1939 a “closed range” law imposing a new legal duty upon the stock owner.[1]
At the-same time the legislature created the duty, it also provided remedies for its breach. The remedy in case of damage to a motor vehicle or its occupant caused by a collision with livestock on a public highway, was limited to those cases in which the owner of the livestock knowingly or willfully placed or put such livestock upon the highway. The court in Randle then said, “These limitations placed on the liability thus created became a part of the right created.... Having the power to create a new legal duty, necessarily the legislature had a right to limit the liability for breach of such duty.”
It is the opinion of this court that there is no denial of due process in the statute. Though limited to a particular circumstance, there is a remedy provided for injury done.
“Due process” emphasizes fairness between the State and the individual dealing with the State, regardless of how other individuals in the same situation may be treated. “Equal protection,” on the other hand, emphasizes disparity in treatment by a state between classes of individuals whose situations are arguably indistinguishable.
*303 Ross v. Moffitt, 417 U.S. 600, 609, 94 S.Ct. 2437, 2443, 4 L.Ed.2d 341 (1974).
Appellant contends that the proviso in the statute denies him equal protection of the law because he is required to sustain a greater burden of proof in order to establish liability of the owner of livestock causing his damage than do others similarly situated.
It appears to this court that the issue of equal protection may be properly addressed by what we have previously extracted from Randle. Judge Cates in his dissent in Randle, appropriately said, “I see no reason why two remedies cannot be available for different sets of facts.” It seems reasonable to say that one whose premises are invaded and damaged by cattle over which he has no control and which he cannot evade or avoid, is not similarly situated as one traveling a public highway in a motor vehicle operated by one who is maintaining a lookout and who has evasive capabilities. However, we do not consider it necessary to our decision in this case to explore in depth the principles espoused in recent decisions defining and applying constitutional equal protection. Assuming the presence of similarity of situations in this case, unless there are “fundamental rights” or “suspect classifications” involved, there is no constitutional prohibition against statutory classification even of those similarly situated so long as there is a “rational basis” therefor. Woods v. Holy Cross Hospital, 591 F.2d 1164, 1172 (5th Cir. 1979).
The rational basis standard by which state laws are challenged has been stated as:
The constitutional safeguard [of equal protection] is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State’s objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any statement of facts reasonably may be conceived to justify it.
McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).
If the challenged statute does not violate a fundamental right, the burden is upon the challenger to show that the restriction is wholly arbitrary and without rationality. Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364-365, 93 S.Ct. 1001, 1006, 35 L.Ed.2d 351 (1973).
In the area of economics and social welfare, a state does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some reasonable basis, it does not offend the constitution simply because the classification “is not made with mathematical nicety or because in practice it results in some inequality.”
Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970) (quoting Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911)).
Without purpose of defending the action of the legislature, it does not appear unreasonable that in imposing a new duty upon owners of livestock, it provide for different duties to persons in different circumstances. Such differences in duties are not uncommon in our law, i. e., automobile guest statutes, held constitutional in Silver v. Silver, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929); Beasley v. Bozeman, 294 Ala. 288, 315 So.2d 570 (1975); Pickett v. Matthews, 238 Ala. 542, 192 So. 261 (1939).
We consider that plaintiff has failed to carry the burden of establishing that § 3-5-3(a), Code of Alabama (1975) constitutes a denial of due process or equal protection to owners or occupants of a motor vehicle injured or damaged by a collision with livestock upon a public road or highway.
The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. That duty was to not “knowingly, voluntarily, negligently or willfully” permit his livestock to go at large in the state, either upon premises of another or upon public lands, highways, roads or streets. (§ 3-5-2(a))