ALMON, Justice.
This is an action for loss of consortium arising out of a collision between plaintiff’s husband’s automobile and defendants’ cows. The trial court held that because the claim derives from the husband’s injuries and the husband cannot recover due to the provisions of Code 1975, § 3-5-3, summary judgment was due to be granted for defendants.
Code 1975, § 3-5-2(a), provides:
“It shall be unlawful for the owner of any livestock or animal, as defined in section 3-5-1, to knowingly, voluntarily, negligently or wilfully permit any such livestock or animal to go at large in the state of Alabama either upon the premises of another or upon the public lands, highways, roads or streets in the state of Alabama.”
Section 3-5-3(a) provides:
“The owner of such livestock or animal being or running at large upon the premises of another or upon the public lands, roads, highways or streets in the state of Alabama shall be liable for all damages done to crops, shade or fruit trees or ornamental shrubs and flowers of any person, to be recovered before any court *641 of competent jurisdiction; provided, that the owner of any stock or animal shall not be liable for any damages to any motor vehicle or any occupant thereof suffered, caused by or resulting from a collision with such stock or other animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such public highway, road or street where such damages were occasioned.”
Defendants supported their motion for summary judgment with affidavits stating that they did not knowingly or wilfully place any cow in the roadway. Plaintiff responded only by stating that she was not a passenger in her husband’s automobile at the time of the accident. She argues that she has a claim for defendants’ negligence under § 3-5-2(a) and that she is not a member of the class of accident victims, i.e., owners and occupants of motor vehicles, to which § 3-5-3(a) applies so as to prevent liability.
Section 3-5-3(a) does not speak in terms of classes of plaintiffs, but only says that the owner of the livestock “shall not be liable for any damages to any motor vehicle or any occupant thereof suffered, caused by or resulting from a collision with such stock.” “Damages” as used here is synonymous with “injuries” when applied to an occupant. Plaintiff’s argument could succeed only if the statute used “damages” in the sense of a monetary award, so as to say that the owner is not liable in damages to an occupant; but if that meaning were applied, the statute would say that the owner shall not be liable in damages to a motor vehicle. Plaintiff glosses over this distinction by arguing that the statute provides a defense against liability to an owner of a motor vehicle or to an occupant. The statute’s use of “damages” to mean injury or harm is also seen from the provision that the owner of the livestock “shall be liable for all damages done to crops, [etc.].”
The only ground on which plaintiff can recover damages, that is, the only injury done to her, is the direct result of the injury to her husband caused by a collision with defendants’ livestock. She points out, however, that her cause of action for loss of consortium is “a separate property right,” which allows her “to pursue an independent cause of action on her own behalf.” Emerson v. Southern Ry. Co., 404 So.2d 576, 580 (Ala.1981), citing Swartz v. United States Steel Cory., 293 Ala. 439, 304 So.2d 881 (1974). Plaintiff argues that she should be allowed to proceed with her cause of action even though her husband’s is barred, citing Emerson, supra, in which this Court held that the statute of limitations was tolled as to the non compos men-tis husband’s cause of action but had run as to the wife’s action for loss of consortium, and Price v. Southern Ry. Co., 470 So.2d 1125 (Ala.1985), in which this Court held that the wife’s cause of action for loss of consortium survived the death of the husband, although his action for personal injuries did not survive.
This argument depends upon plaintiff’s assumption that the limitation on liability of § 3-5-3 is a procedural defense available only in actions filed by owners or occupants of vehicles involved in collisions with livestock. As we have shown above, the statute places substantive limitations on liability. The duty to fence livestock does not subject the owner to liability for damages or injuries to occupants of motor vehicles resulting from collisions of the vehicle with the livestock unless the owner knowingly or wilfully puts the livestock on the road. In Scott v. Dunn, 419 So.2d 1340, 1346 (Ala.1982), this Court quoted with approval the following language from Randle v. Payne, 39 Ala.App. 652, 107 So.2d 907 (1958): “These limitations placed on the liability thus created became a part of the right created.” The opinions in Scott and Randle give the history of these laws, but we do not deem it necessary to repeat that history here. Suffice it to say that, when the legislature gave an actionable right in 1939 to those damaged by wandering livestock, it limited the right in the case of collisions with motor vehicles.
*642 Because the injury to plaintiff’s marital relations was the result of an injury her husband suffered in a collision of his automobile with defendants’ livestock, she could not have recovered except upon proof of the limited circumstances set out in § 3-5-3(a). Because she did not contradict defendants’ affidavits indicating that they did not knowingly or wilfully place the cows in the road, the trial court did not err in granting summary judgment for defendants. See Rule 56(c), A.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEAT-TY and HOUSTON, JJ.