that involving American's obligation to protect its passengers from reasonably foreseeable harm.

MIDDLESEX COUNTY BAR ASSOCIATION, A NON-PROFIT COR-
PORATION OF THE STATE OF NEW JERSEY, SOMERSET
COUNTY BAR ASSOCIATION, A NON-PROFIT CORPORATION
OF THE STATE OF NEW JERSEY, JULIUS J. FEINSON, ESQ.,
PATRICK R. CAULFIELD, ESQ., ROBERT N. GOLDEN, ESQ.,
EDWARD H. HERMAN, ESQ., MURRAY WEINGARTNER,
ESQ., JACK WYSOKER, ESQ., RICHARD H. THIELE, ESQ.,
ROBERT J. YOUNG, ESQ., RICHARD GALE, ESQ., RAYMOND
WENSTRON, ESQ., LESTER S. GOLDBLATT, ESQ., GERALD M.
ZASHIN, P.A., JANIS L. TURNER, ESQ., AND RICHARD E.
BOARDMAN, ANDREW MICHTA, ELDA WARD, FRANK BAN-
DERECK, RAYMOND SICKLER, RICHARD CLESS AND ROSE
REGLIEC, WIDOW OF MICHAEL REGLIEC, PLAINTIFFS–AP-
PELLANTS, v. HARRY G. PARKIN, DIRECTOR OF WORKERS'
COMPENSATION, ALFRED J. NAPIER, JUDGE OF COMPEN-
SATION, CHIEF, HON. CHARLES SERRAINO, COMMISSION-
ER OF DEPARTMENT OF LABOR, HON. THOMAS H. KEAN,
GOVERNOR OF THE STATE OF NEW JERSEY, SEN. JOHN
RUSSO, PRESIDENT OF THE SENATE OF THE STATE OF
NEW JERSEY, THE DEPARTMENT OF LABOR, STATE OF
NEW JERSEY, THE SENATE OF THE STATE OF NEW JER-
SEY, W. CARY EDWARDS, ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 15, 1988—Decided July 14, 1988.

388

Before Judges FURMAN, LONG and SCALERA.

*Gerald M. Zashin* argued the cause for appellants.

*Mark J. Fleming,* Deputy Attorney General, argued the cause for respondents (*W. Cary Edwards,* Attorney General, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

Three discrete issues are before us on consolidated appeals: (1) Whether a separate workers' compensation court must be

provided in each county pursuant to *N.J.S.A.* 34:15–53; (2) Whether defendant Parkin is holding office illegally as Director of the Division of Workers' Compensation because he was not appointed by the Governor and confirmed by the Senate pursuant to *N.J.S.A.* 34:1A–12; and (3) whether defendant Serraino, Commissioner of the Department of Labor, abused his discretion in denying plaintiffs' application for a hearing on charges of misconduct in office against defendants Parkin and Napier, Chief Judge of Compensation.

■ The first issue arose because of the shutdown of workers' compensation courts in Middlesex and Somerset Counties. Workers' compensation courts have been reopened in both counties. We are informed that workers' compensation courts are now provided in all counties except Salem, Gloucester and Cape May. Workers' compensation cases from those counties are assigned to courts in adjoining counties. The Attorney General argues for a dismissal on the ground of mootness. We reject that argument because there has been a pattern of shutdowns of workers' compensation courts in various counties and the issue of the construction of *N.J.S.A.* 34:15–53 is, thus, likely to recur, *In re Conroy*, 190 *N.J.Super.* 453, 454–460 (App.Div.1983), rev'd on other grounds 98 *N.J.* 321 (1985).

*N.J.S.A.* 34:15–53 provides in pertinent part:

> The [workers' compensation] petition shall be heard either in the county in which the injury occurred or in which the petitioner or respondent resides, or in which the respondent's place of business is located, or in which the respondent may be served with process.

■ The State argues that the last cited criterion provides the Division with unfettered power to schedule hearings in any vicinage because a respondent is theoretically subject to process anywhere in the State. We reject this reading of the statute which effectively renders the statutory language nugatory.

Literally, the statute mandates a hearing in each county of the state, if there is a coincidence of all the criteria for venue in one county only. One county may be the place of residence of both parties, the place where the injury occurred, the place of

business of the employer and the only county where the employer may be served with process because he neither is physically present nor conducts any business elsewhere. But the statute does not mandate that, in counties with a relatively minimal caseload, a permanent workers' compensation court be established. In such counties, both petitioner and respondent may voluntarily travel to the workers' compensation court in an adjoining county to which they are assigned for disposition of their case. If either insists on strict compliance with *N.J.S.A.* 34:15–53, under the unusual circumstance that all the criteria for venue fit one county only, we would view the provision of a temporary hearing facility in that county as fully complying with the statutory mandate.

Prior to the reorganization of what was then the Department of Labor and Industry in 1972, the Director of the Division of Workers' Compensation was appointed by the Governor with the advice and consent of the Senate pursuant to *N.J.S.A.* 34:1A–12. The 1972 reorganization plan, which was transmitted by the Governor and approved by the Legislature, *N.J.S.A.* 52:14C–1 *et seq.*, transferred to the Commissioner of Labor and Industry the authority to appoint all Division Directors in the department "to serve at his pleasure." It provided that all statutes inconsistent with any of its provisions "are superseded to the extent of such inconsistencies."

In 1982 the Legislature approved another reorganization plan, *N.J.S.A.* 34:1A–1, prepared by the Governor for the Department of Labor, formerly Department of Labor and Industry. Although that plan specifically states that the 1972 reorganization plan is "hereby abolished," it does not deal with the method of appointment of Division Directors, and it provides generally for the continuation of the divisions and other agencies within the department "as provided in the 1972 Plan."

The Governor and the Legislature did not intend a legislative void with no provision for appointment of Division Directors. The method of appointment by the Governor, subject to Senate confirmation, was "superseded" by the 1972 law because incon-

sistent with it. "Superseded" should be synonymous with "repealed." *Black's Law Dictionary,* (5 ed.1979), at 1289; *Randle v. Payne,* 39 *Ala.App.* 652, 107 *So.*2d 907 (Ct.App.1958), *cert.* den. 268 *Ala.* 697, 107 *So.*2d 913 (Sup.Ct.1959). Under the 1972 reorganization plan, the Legislature entrusted the Commissioner of the Department with the authority to appoint Division Directors to serve at his will. Nothing in the 1982 law expressly refers to or deals with the method of appointment of Division Directors; nothing in it conflicts or is inconsistent with the 1972 law vesting the appointive power in the Commissioner. The 1982 law does not expressly revive the pre–1972 statute providing for appointment of Division Directors by the Governor, subject to Senate confirmation. We discern no legislative intent in the 1982 law to revert to that method of appointment by impliedly reviving *N.J.S.A.* 34:1A–12. According to *N.J.S.A.* 1:1–3.2, "[t]he repeal of any statute or section of any statute, which statute or section repealed another statute or section of a statute, shall not of itself revive such other statute or section." *See also* 1A *Sutherland, Statutory Construction* (4 ed.1985), § 23.31 at 413.

Finally, plaintiffs seek reversal of the denial of their application for a hearing before defendant Serraino, Commissioner of Labor, on their charges of misconduct in office by defendants Parkin and Napier. The charges are serious: interference with the independent decision-making of one Judge of Compensation and reprisals against him and against two other Judges of Compensation, who opposed holding workers' compensation trials in Middlesex County during a period of asbestos removal from the court building.

■ We agree with the Attorney General's argument that plaintiffs lack standing to institute an administrative proceeding to remove or sanction defendants Parkin and Napier. The proceedings by *N.J.Const.* (1947), Art. V, § IV, par. 5, *N.J.S.A.* 34:1A–3(b), and *N.J.A.C.* 12:235–3.13 *et seq.,* for the removal of the Director or any Judge of Compensation vest authority in and may be instituted only by the Governor, the Commissioner

of Labor or the Director of the Division of Workers' Compensation, not by any private citizen.

Here, however, Commissioner Serraino has altered the posture of the case by his consistent representations that he is willing to "investigate" plaintiffs' claims on the condition that he is provided "with the identity of the specific individuals making allegations and a detailed description from each of them of the specific allegations sought to be raised by them."

By that standard an investigation of the charges against defendants Parkin and Napier is clearly warranted. Indeed, the complaint filed by plaintiffs is supported by detailed certifications as to the incidents in question. It is hard to imagine what more information Serraino needs in order to prompt him to institute the promised investigation into allegations which strike at the very heart of the principle of judicial independence. Given sufficient information, he has pledged to do what he should have done from the beginning. He has authorized the Attorney General to carry that pledge to us, to the plaintiffs and to the members of the public whose interest in the integrity of the Workers' Compensation Court is paramount. We have reviewed plaintiffs' allegations of wrongdoing and find that they are clear and well documented as are the identities of the complainants. The Commissioner's promise to investigate should now be carried out. We so order and direct that the results of that investigation be communicated to plaintiffs.

In sum, we hold that *N.J.S.A.* 34:15–53 mandates a right to a workers' compensation hearing in each county under the circumstance that all the criteria for venue fit that county only; but *N.J.S.A.* 34:15–53 does not mandate that a permanent workers' compensation court be established in each county. We affirm the validity of defendant Parkin's appointment and holding of office as Director of the Division of Workers' Compensation. We affirm defendant Serraino's denial of plaintiffs' application for a hearing on charges of misconduct in office against defendants Parkin and Napier but order Serraino to carry out an investigation of the charges.