137 So.2d 43

**Raymond McGOUGH, a Minor,**

v.

**Elise S. WILSON, as Administratrix, and
John M. Trotman.**

3 Div. 959.

Supreme Court of Alabama.

Jan. 18, 1962.

Hill, Robison & Belser, Montgomery, for appellant.

Chas. E. Porter and Rushton, Stakely & Johnston, Montgomery, for appellee Trotman.

Crosland, Sankey & Alexander and Hill, Hill, Stovall & Carter, Montgomery, for appellee Wilson.

MERRILL, Justice.

This appeal is from a nonsuit which was taken by appellant after the trial court had sustained the demurrer of appellee Trotman to all the amended counts of the complaint, and the demurrer of appellee Wilson was overruled as to Count II but sustained as to the other counts.

The counts, as amended, allege in general that appellant was injured when the car in which he was riding collided with an automobile being operated by Shan W. Wilson, deceased, after the Wilson car had collided with a bull, owned by appellee Trotman, which was in the highway.

Appellees filed a motion to dismiss the appeal on the ground that the judgment will not support an appeal because at the time of the taking of the nonsuit, Count II had been held good as against appellee Wilson and was still in the complaint when the nonsuit was taken.

■ Title 7, § 819, Code 1940, requires that it be necessary for the plaintiff to suffer a nonsuit and we have held that, "* * * in determining from the record the question of necessity for the nonsuit vel non, it will be presumed that the party pleading, whether plaintiff or defendant, is able to prove each count of the complaint, or each special plea in denial or avoidance of the cause of action. Hence, if there remain a single count of the complaint upon which the plaintiff can proceed, he must go on with his case. On the other hand, if there remain a single special plea in denial of his complaint as to which demurrers have been overruled, he is entitled to his nonsuit and review by appeal." Kennedy v. Lyric Theatre Co., 213 Ala. 153, 104 So. 274. Under this authority, a good count against both of the defendants must have been dismissed to have entitled the plaintiff to a nonsuit. Epperson v. First National Bank of Reform, 209 Ala. 12, 95 So. 343.

■ But here, appellant's theory and the basis of his action is concurrent negligence of both appellees. The sustaining of the demurrer of one of the alleged tort-feasors to every count of the complaint seeking recovery for concurrent negligence effectively defeats the action and precludes recovery. Appellant had a right to preserve the integrity of his suit. Duncan v. Hargrove, 22 Ala. 150, 161. It follows that appellees' motion to dismiss the appeal must be denied. See McSheridan v. City of Talladega, 243 Ala. 162, 8 So.2d 831, where, while the point was not raised, we did not dismiss the appeal in a similar situation.

### On the Merits.

Counts I and II charge that appellee Trotman "negligently allowed a head of his stock, to-wit: one bull, to be on said public highway" and that said Wilson negligently drove his automobile into said bull. Count I only charges Wilson with negligently hitting the bull, and alleges no causal connection with the injuries plaintiff received. Count II does allege a causal connection between Wilson's negligent operation of his car and plaintiff's injuries and that count was held good as to Wilson's administratrix.

■ Counts I and II were not good as to Trotman because of Tit. 3, § 79, Code 1940, which makes an owner liable for certain damage done by his stock running at large, but with the following exception:

"* * * Provided, however, that the owner of any stock or animal shall not be liable for any damages to any motor vehicle, or any occupant thereof, suffered, caused by, or resulting from a collision with such stock or other animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such public highway, road or street, where such damages were occasioned."

The Court of Appeals considered this portion of the statute in Randle v. Payne, 39 Ala.App. 652, 107 So.2d 907. That court, in its majority opinion held, in effect, that an owner of livestock is not liable in damages to a motorist involved in a collision with his livestock for negligence in permitting the stock to be on the highway in view of the statute. The dissenting opinion expressed the view that a subsequent statute had repealed the proviso in Tit. 3, § 79. The choice between the two opinions was squarely presented to us on certiorari and the petition for certiorari was denied by this court without opinion, 268 Ala. 697, 107 So.2d 913.

Appellant here again commends the dissenting opinion to us, but again, we adhere to the majority opinion of the Court of Appeals. It follows that Trotman's demurrer to Counts I and II, raising the provisions of the statute, was properly sustained because he was charged only with simple negligence.

Counts III, IV, V and VI allege that Trotman knowingly or willfully put or placed his bull on the highway, that Wilson negligently ran his automobile into the bull and that as a proximate result of the combined or concurrent negligence and wrongful conduct of Trotman and Wilson, the plaintiff received his injuries.

■ It is settled that if damage has resulted from concurrent, wrongful acts of two or more tort-feasors, they may be sued jointly or severally and the act of each may be counted on as the proximate cause of the injury. Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, 61 A.L.R.2d 1346, and cases there cited.

■ It is equally well settled that trespass and case cannot be joined in the same count. Sarber v. Hollon, 265 Ala. 323, 91 So.2d 229, and cases there cited. It is still a valid observation that: " 'It is incongruous for a count to mean one thing against one defendant and another against the other defendant, jointly sued. They will not mix. The law cannot make oil and water mix.' "

Louisville & Nashville R. R. Co. v. Johns, 267 Ala. 261, 101 So.2d 265, 74 A.L.R.2d 499.

■ In Counts III through VI, Trotman is charged with willfully or knowingly putting or placing the bull in the highway, while Wilson is charged with negligence. Trotman is charged with willfulness, which, as stated in Randle v. Payne, 39 Ala.App. 652, 107 So.2d 907, 910, "signifies a designed set purpose, intention, or deliberation." This alleged conduct, when the complaint is construed most strongly against the pleader, charges Trotman with a willful, intentional, deliberate and direct application of force.

Justice Stone observed in Bay Shore R. R. Co. v. Harris, 67 Ala. 6:

"If the driver had thrust or thrown the child on the track and he was thus run over, all this would have been the direct result of the force employed and trespass would have been the proper remedy."

By analogy, Trotman deliberately and intentionally "thrust" his bull on the highway and injured appellant. This amounts to trespass.

But Wilson is only charged with negligence in the same count. It follows that the grounds of demurrer raising the point that Counts III through IV attempted to combine trespass and case in the same count were good and the demurrer was properly sustained.

■ We also point out that Counts III through VI were defective and contained conflicting and repugnant allegations. In Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219, 222, this court said:

"The seventh count alleges that the motorman 'negligently, carelessly, and wantonly injured the plaintiff,' by running the street car against the vehicle in which plaintiff was riding. Said count was demurred to, among other

 

causes, because 'said count seeks to join in one and the same count an action for simple negligence, and an action for wanton negligence or intentional injury.' This court has said that a count which ascribed the injury to 'negligence, carelessness and wantonness' was 'bad for repugnancy,' as an act could not be done through inadvertence, and at the same time be done wantonly. * * *

"When a count contains inconsistent and contradictory averments, in the statement or description of the cause of action, it is subject to demurrer.— Andrews v. Flack & Wales, 88 Ala. 294, 299, 6 South. 907; Munter & Faber v. Rogers, 50 Ala. 283, 290. Under these authorities we hold that while, if count 7 had not been demurred to, it might have been construed as charging only simple negligence, yet as the point was made by demurrer the count is repugnant, and the demurrer to it was properly sustained.

* * * * * *

"The demurrer to count 10 is not set out in the record; hence the court cannot be placed in error for sustaining it. The count is evidently defective and repugnant, as it alleges that the motorman '*willfully*, carelessly and *wantonly* failed to check,' etc., and that 'by reason of such *negligence and carelessness*, said car collided,' etc., also that the plaintiff 'suffered said injuries by reason of the negligence and carelessness of the motorman.' "

The counts charge that plaintiff received his injuries as "a proximate result and consequence of the combined negligent and wrongful conduct" of Trotman and Wilson. If "wrongful conduct," when employed in conjunction with negligence, refers to Trotman's willful act, it would be repugnant and inconsistent to negligence. If "wrongful conduct" when employed in conjunction with negligence is construed to mean no more than negligence, then the causation feature of the counts is conflicting and repugnant to that part of the complaint charging Trotman with knowingly and willfully placing his bull in the highway. Knowingly and willfully doing an act is different from inadvertently doing the same act, or permitting it to be done through inadvertence or negligence.

The judgment of the circuit court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and COLEMAN, JJ., concur.