247 So.2d 676

**Zora H. CARTER**

v.

**Robert ALMAN.**

**7 Div. 23.**

Court of Civil Appeals of Alabama.

April 28, 1971.

Love & Love, Talladega, for appellant.

Dixon, Wooten, Boyett & McCrary, Talladega, for appellee.

WRIGHT, Judge.

Plaintiff-appellant brought suit against defendant-appellee for damages to her automobile resulting from a collision with one of defendant's cows on a public highway. The complaint as amended, in response to the requirements of Title 3, Section 79, Code of Alabama 1940, charged that plaintiff's damage proximately resulted from defendant knowingly or wilfully placing his cattle upon the highway.

The legislature in its enactment of Title 3, Section 79, Code of Alabama 1940, placed restrictions upon the right of action for damages by a motorist against the owner of cattle when collided with on a public highway. The applicable portion of that statute reads as follows:

"* * * the owner of any stock or animal shall not be liable for any damages to any motor vehicle, or any occupant thereof, suffered, caused by, or resulting from a collision with such stock or other animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such public highway, road or street, where such damages were occasioned."

Upon the completion of presentation of evidence in the trial below, the court gave, at the request of appellee, the general affirmative charge and judgment was rendered in favor of the appellee. This appeal followed.

Motion to dismiss the appeal and affirm the judgment was filed by appellee in this Court. The ground of the motion was noncompliance with Supreme Court Rule 1 requiring the assignment of errors to be written or typed upon transcript paper and bound with the transcript. Appellee asserts that such assignments were not so writ-

ten and bound when the transcript was filed with the clerk of this Court.

■ Our review of the transcript at the time of submission of the cause in this Court reveals the presence of an assignment of error. We hold this to be sufficient compliance with Supreme Court Rule 1 to warrant our denial of the motion to dismiss. The motion is therefore denied and overruled. Burns v. Willis, 265 Ala. 497, 92 So.2d 38.

■ Appellant has made two assignments of error. Assignment I is that the court erred in its ruling on the law. Such assignment is too general to require consideration on review. Supreme Court Rule 1. J. H. Morris, Inc. v. Indian Hill, Inc., 282 Ala. 443, 212 So.2d 831.

■ Assignment of Error II challenges the action of the trial court in giving at the request of defendant the general affirmative charge.

The evidence on behalf of appellant tended to show that on March 4, 1969, appellant was driving her automobile on a public highway which ran along the side of the pasture belonging to appellee. That a cow belonging to appellee ran into the road and was struck by appellant's automobile. There was evidence that appellee often had cows out of his pasture, and that the fence was of insufficient height to properly contain his cattle. His cattle had been observed in and along the highway at other times and had been hit by automobiles.

We have carefully read the evidence and do not think it necessary to further relate it here. We are convinced that the appellant did not support by her evidence the burden of proving that appellee "knowingly or wilfully put or placed" his cow upon the highway. Sustaining such burden of proof is necessary to recovery of damages according to the statute quoted hereinabove.

There are two cases dispositive of the question of burden of proof in suits brought under Title 3, Section 79. These cases are Randle v. Payne, 39 Ala.App. 652, 107 So. 2d 907 cert. denied, 268 Ala. 697, 107 So.2d 913, and McGough v. Wilson, 273 Ala. 179, 137 So.2d 43. It is pointed out in the decisions in these cases that the cause of action of a motorist against the owner of cattle struck by such motorist on a public highway as provided by Title 3, Section 79, of the Code is one of direct trespass.

These cases plainly state that for recovery, a motorist must submit proof that the owner of the feasant beast placed or put it upon the highway with a "designed set purpose, intention, or deliberation." Evidence of negligence or gross carelessness is not enough. There was no evidence introduced by appellant in the trial below with the slightest tendency to indicate acts of such nature by appellee. In such an instance the giving of the general affirmative charge in favor of defendant was correct. Bullard v. Emergency Aid Ins. Co., 103 So.2d 44, 39 Ala.App. 92 cert. denied, 103 So.2d 50, 267 Ala. 694.

The judgment of the trial court is affirmed.

Affirmed.