This is an action for damages. *Page 1110 
Plaintiff filed suit and the defendants counterclaimed as a result of a collision of plaintiff's automobile with defendants' horse. The jury rendered a verdict in favor of the plaintiff and denied recovery to defendants on the counterclaim. After denial of defendants' post trial motions, defendants appealed.
The dispositive issues on appeal are (1) whether there is sufficient evidence to support the jury's conclusion that the defendants knowingly or willfully put an animal upon a public highway within the meaning of the liability provisions of Code of Ala. 1975, § 3-5-3, and (2) whether contributory negligence is a defense to a violation of § 3-5-3.
The record reveals the following: The defendant, Mr. Jackson, Jr., owns livestock which he pastures on leased property. The pasture abuts a paved public highway known as the Mitchell-Young Road.
On January 12, 1977, four of Jackson's horses apparently jumped the fence which surrounds the pasture and went onto the land of Mr. Jones, a nearby neighbor. Mrs. Jones called the defendant and requested that he remove the animals from her property.
The defendant called his father, defendant-Ivy Jackson, Sr., and asked him to round up the animals. Mr. Jackson, Sr., accompanied by a helper, then drove to the Jones's property, arriving there after dark.
Upon arriving at the Jones's property, Jackson, Sr., caught two of the four animals and secured them with halters. The remaining two horses, a gray and a colt, avoided capture attempts. Jackson then instructed his helper to lead the captured animals back to their pasture.
The helper led the two bridled horses down the unpaved driveway of the Jones's property toward the public highway. At this time, the two animals which had avoided capture fell in behind and followed the two bridled animals. Jackson slowly followed behind the four animals in his truck. Although the two horses which had evaded capture were immediately in front of Jackson's truck, neither he nor his helper attempted to secure them with halters prior to proceeding onto the public highway.
The helper, the bridled and unrestrained horses, and Jackson, Sr. turned onto the shoulder of the Mitchell-Young Road. After they had proceeded a short distance, plaintiff's automobile appeared around a curve in the highway and approached them. The horses were apparently startled by the headlights of the oncoming car and the two unbridled animals bolted into the road. Plaintiff's automobile struck and killed the colt.
At the time of the collision, plaintiff had another automobile in tow with a chain and was apparently obeying the speed limit.
Based upon these facts, the jury rendered a verdict for the plaintiff. The defendants appealed.
We note at the outset that this case was tried under the theory set forth in Code of Ala. 1975, § 3-5-3. On appeal, a case will not be reviewed on a different theory than that on which it was tried. See, e.g., 2 Ala. Digest Appeal Error 171 (1).
The defendants initially contend that pursuant to § 3-5-3, there is insufficient evidence to support the jury's finding that the defendants knowingly or willfully placed livestock on the public highway. Specifically, the defendants contend that plaintiff's evidence at most shows the defendants were negligent or grossly negligent and this is insufficient to carry the burden of proof established by § 3-5-3. We disagree.
Section 3-5-3 provides in pertinent part:
 [T]he owner of any . . . animal shall not be liable for any damages to any motor vehicle . . . caused by . . a collision with such . . . animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such public highway . . . where such damages were occasioned.
Our cases hold that in order for a motorist to recover under §3-5-3, his proof must demonstrate more than negligence or gross carelessness on the part of the defendant. *Page 1111 Carter v. Alman, 46 Ala. App. 633, 247 So.2d 676 (1971). As Presiding Judge Wright stated in the Carter case:
 These cases plainly state that for recovery, a motorist must submit proof that the owner of the feasant beast placed or put it upon the highway with a "designed set purpose, intention, or deliberation." Evidence of negligence or gross carelessness is not enough. (Emphasis supplied.) 46 Ala. App. at 635, 247 So.2d at 677.
Stated alternatively, the statute imposes liability on the owner of livestock for torts which are intentional, i.e., those in which the owner's conduct is purposeful, willful, deliberate, or knowingly done. Coxwell v. Whatley, Ala.,367 So.2d 962, 13 ABR 785 (1979); McGough v. Wilson, 273 Ala. 179,137 So.2d 43 (1962); Randle v. Payne, 39 Ala. App. 652,107 So.2d 907 (1958), cert. denied, 268 Ala. 697, 107 So.2d 913
(1959).
While it is beyond doubt that the defendants in this instance would not have been liable for failure to keep the animals within the confines of the pasture, Carter, supra, our review of the record indicates that there is ample evidence to support the jury's conclusion that in this instance, the livestock was in fact knowingly placed on the public highway.
At trial, Mr. Jackson, Sr. testified that after his unsuccessful attempt to secure two of the four horses, he and his helper proceeded onto the public highway with the two bridled animals followed by the unrestrained horses as well. On direct examination he stated that prior to entering the highway he made no attempt to bridle the pair that were loose.
 Q Now, when those two came up there, did y'all attempt to put a halter on them at that time?
A They wouldn't let us.
Q Did you try to?
A We tried down there at the fence.
Q No, sir, I mean at the time they joined you —
A No, sir.
Q — you didn't try to put a halter on them any more?
A No, sir.
Later, on redirect, Mr. Jackson, Sr. stated:
 Q Now, Mr. Jackson, you intended to put those horses on that shoulder of that road, didn't you?
A That's the only way I knew to get them back there.
. . . . .
Q That was your intention, though, wasn't it?
A I was in hopes they'd follow them.
Based upon this testimony, the defendants' deliberate actions in regard to the horses are such that it can be concluded that they knowingly and intentionally "led" the unfettered livestock onto the public road and thus committed the act proscribed by the express language of § 3-5-3. Put another way, the defendants' acts in this instance legally placed the animals in the road because it is well settled that where, as here, the defendant knows that the consequences of his act are certain or substantially certain to result from his intentional conduct, and he still proceeds, it is considered that he in factintended to produce the consequences which in fact occurred.See e.g., Restatement (Second) of Torts § 8A (b) (1965).
The defendants additionally contend that the animals were being led alongside the paved portion of the highway, and thus the livestock was not technically "upon the highway." As set forth below, we find no merit in this contention.
The defendant's argument loses much if not all of its force because the record clearly demonstrates that the animal with which plaintiff collided was in fact in the center of the public road at the time of the impact. The collision would not have occurred without the intentional act of the defendant in deliberately and with designed purpose leading the feasant beast into a position where it could occasion plaintiff's damages.
Furthermore, the record reveals that Jackson, Sr. knew that the consequences of his act were certain or substantially certain to result from leading the horses onto the *Page 1112 
public road. The record shows that this defendant had worked with horses and other livestock for twenty-seven years and that he had, on a prior occasion experienced a similar situation while attempting to round up horses at night in which five animals had been killed by motorists. On direct examination, the following colloquy occurred:
 Q Now, have you had any experience, prior to January of 1977, of rounding up horses that had gotten out at night?
. . . . .
A Yes, sir, I helped to get some in. Yes, sir.
 Q And several got killed in that roundup, didn't they?
A Yes, sir.
Q How many was that?
A Five.
 Q And was that at night when the cars were running into them?
A Yes, sir.
 Q Now, you knew then that at night horses were liable to bolt or more likely to bolt in front of cars and their lights, didn't you?
A Yes, sir, I know they'll do that.
Given this testimony, the jury was warranted in finding that, by virtue of the defendants' intentional conduct, the animals were in fact knowingly and willfully placed upon the highway.See, e.g., Restatement, supra.
Defendants next contend that plaintiff's contributory negligence, as demonstrated by the evidence, bars his recovery. As noted below, even though the jury apparently found no contributory negligence on the part of the plaintiff, contributory negligence, as a matter of law, is not a defense to an intentional tort such as the wrong set forth in § 3-5-3.
As noted previously plaintiff is denied recovery under the statute unless he can factually demonstrate that defendant's conduct was intentional. Carter supra. It is elementary that contributory negligence is no defense to a charge of an intentional wrong. Birmingham Ry. Light Power Co. v. Jones,146 Ala. 277, 41 So. 146 (1906). Therefore, even though the jury factually determined that plaintiff's acts did not contribute or cause his damages, the defense of contributory negligence was not available to the defendants in this action.
Because this court presumes jury verdicts are correct absent an adjudication far afield from the testimony, the instant verdict will not be here disturbed. See, e.g., Baswell v.Wilks, 57 Ala. App. 98, 326 So.2d 292 (1976).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.