This petition was granted to determine whether or not the decision of the Court of Civil Appeals, 378 So.2d 1109, below is in conflict with prior decisions of this court and the Court of Civil Appeals holding, under Code 1975, § 3-5-3, and its predecessors, an owner of livestock is not liable for negligence in permitting the stock to be on the highway, but is only liable where he "knowingly or wilfully put or placed such stock upon such highway, road or street."
The Court of Civil Appeals, below, affirmed the decision of the trial court entering judgment on the jury's verdict for the plaintiff in the amount of $1200. The facts of the case as found by the Court of Civil Appeals are as follows:
 The defendant, Mr. Jackson, Jr., owns livestock which he pastures on leased property. The pasture abuts a paved public highway known as the Mitchell-Young Road.
On January 12, 1977, four of Jackson's horses apparently jumped the fence which surrounds the pasture and went onto the land of Mr. Jones, a nearby neighbor. Mrs. Jones called the defendant and requested that he remove the animals from her property.
The defendant called his father, defendant-Ivy Jackson, Sr., and asked him to round up the animals. Mr. Jackson, Sr., accompanied by a helper, then drove to the Jones's property, arriving there after dark.
Upon arriving at the Jones's property, Jackson, Sr., caught two of the four animals and secured them with halters. The remaining two horses, a gray and a colt, avoided capture attempts. Jackson then instructed his helper to lead the captured animals back to their pasture.
The helper led the two bridled horses down the unpaved driveway of the Jones's property toward the public highway. At this time, the two animals which had avoided capture fell in behind and followed the two bridled animals. Jackson slowly followed behind the four animals in his truck. Although the two horses which had evaded capture were immediately in front of Jackson's truck, neither he nor his helper attempted to secure them with halters prior to proceeding onto the public highway.
The helper, the bridled and unrestrained horses, and Jackson, Sr. turned onto the shoulder of the Mitchell-Young Road. After they had proceeded a short distance, plaintiff's automobile appeared around a curve in the highway and approached them. The horses were apparently startled by the headlights of the on-coming car and the two unbridled animals bolted into the road. Plaintiff's automobile struck and killed the colt.
At the time of the collision, plaintiff had another automobile in tow with a chain and was apparently obeying the speed limit.
Based upon these facts, the jury rendered a verdict for the plaintiff. *Page 1114 
As previously noted, this case was tried under Code 1975, §3-5-3, which reads in pertinent part as follows:
 The owner of such livestock or animal being or running at large upon the premises of another or upon the public lands, roads, highways or streets in the state of Alabama shall be liable for all damages done to crops, shade or fruit trees or ornamental shrubs and flowers of any person, to be recovered before any court of competent jurisdiction; PROVIDED, THAT THE OWNER OF ANY STOCK OR ANIMAL SHALL NOT BE LIABLE FOR ANY DAMAGES TO ANY MOTOR VEHICLE OR ANY OCCUPANT THEREOF SUFFERED, CAUSED BY OR RESULTING FROM A COLLISION WITH SUCH STOCK OR OTHER ANIMAL, UNLESS IT BE PROVEN THAT SUCH OWNER KNOWINGLY OR WILFULLY PUT OR PLACED SUCH STOCK UPON SUCH PUBLIC HIGHWAY, road or street where such damages were occasioned.
Code 1975, § 3-5-3 (emphasis added).
Our cases have consistently held that there is no cause of action under § 3-5-3 for a plaintiff-motorist who is injured because his car collided with livestock which had strayed onto a highway through the negligence, gross negligence or recklessness of its owner. In Randle v. Payne, 39 Ala. App. 652, 107 So.2d 907 (1958), where a bull owner was being sued under Code 1940, Tit. 3, § 79, (the predecessor of § 3-5-3) by the driver of a truck that collided with the bull on Highway 11, the Court of Appeals held: "There must be proof to the effect that the owner of the stock knowingly or wilfully placed the stock upon the public highway." Randle, supra,39 Ala. App. at 656, 107 So.2d at 910. In McGough v. Wilson, 273 Ala. 179,137 So.2d 43 (1962), which case likewise involved the collision of a motor vehicle and a bull on a public highway, this court took note of the Randle decision and stated: "[I]ts majority opinion held, in effect, that an owner of livestock is not liable in damages to a motorist involved in a collision with his livestock for negligence in permitting the stock to be on the highway in view of the statute." McGough, supra,273 Ala. at 182, 137 So.2d at 45. In McGough this court added:
 Knowingly and willfully doing an act is different from inadvertently doing the same act, OR PERMITTING IT TO BE DONE THROUGH INADVERTENCE OR NEGLIGENCE.
McGough, supra, 273 Ala. at 183, 137 So.2d at 46 (emphasis supplied).
In reference to the two cases referred to above, the Court of Civil Appeals in Carter v. Alman, 46 Ala. App. 633,247 So.2d 676 (1971), a factually similar case, stated:
 THESE CASES PLAINLY STATE THAT FOR RECOVERY, A MOTORIST MUST SUBMIT PROOF THAT THE OWNER OF THE FEASANT BEAST PLACED OR PUT IT UPON THE HIGHWAY WITH A "DESIGNED SET PURPOSE, INTENTION, OR DELIBERATION." EVIDENCE OF NEGLIGENCE OR GROSS CARELESSNESS IS NOT ENOUGH. There was no evidence introduced by appellant in the trial below with the slightest tendency to indicate acts of such nature by appellee.
Carter v. Alman, 46 Ala. App. at 635, 247 So.2d at 677 (emphasis supplied).
Justice Maddox explained the legislative intention behind Code 1940, Tit. 3 § 79 (the predecessor of Code 1975, § 3-5-3) in the following language:
 WE THINK THE LEGISLATURE, IN ADOPTING THE PROVISO IN SECTION 79, INTENDED TO MAKE THE OWNER OR KEEPER OF STOCK IN AREAS OUTSIDE MUNICIPALITIES (which had adopted stock laws or which enacted stock laws afterward) LIABLE FOR DAMAGES IN MOTOR VEHICLE ACCIDENTS CAUSED BY LIVESTOCK ONLY WHERE THE OWNER OR KEEPER KNOWINGLY OR WILFULLY PLACED OR PUT THE LIVESTOCK ON THE HIGHWAY, ROAD OR STREET.
Chandler v. Waugh, 290 Ala. 70 at 74, 274 So.2d 46 at 49 (1973) (emphasis supplied). *Page 1115 
In its opinion below the Court of Civil Appeals recognizes this well-settled principle of law:
 While it is beyond doubt that the defendants in this instance would not have been liable for failure to keep the animals within the confines of the pasture, Carter, supra, our review of the record indicates that there is ample evidence to support the jury's conclusion that in this instance, the livestock was in fact knowingly placed on the public highway.
Jackson v. Brantley, [MS. April 4, 1979] 378 So.2d 1109
(Ala.Civ.App. 1979).
Whether the two unbridled horses were intentionally put on the highway was a question of fact for the jury to determine. The jury resolved this question in favor of the plaintiff and the Court of Civil Appeals held that the jury's finding in this regard was not plainly erroneous but was in fact amply supported by the evidence. We affirm that holding by the Court of Civil Appeals.
AFFIRMED.
All the Justices concur.