The defendant, Ernest C. Lockhart, appeals from a judgment adverse to him in a declaratory judgment action brought by Robert W. Robbins. We affirm.
Robbins, Lockhart and William D. Hayes were partners in a business operated as R.L. H. Septic Tank Company. In March, 1979 Robbins brought this suit seeking an injunction against the other partners, an accounting between the partners, and a determination of the rights of the partners under their partnership agreement. Following an ore tenus hearing the trial court ordered the partnership dissolved and appointed a special master to conduct an accounting.
The only question presented for review arises from the report of this special master. The defendant questions the propriety of certain evidence which the master received and considered in arriving at the respective liabilities of the partners. After he had conducted hearings during which oral testimony and documentary evidence were received, the master filed his report. Lockhart filed certain objections to the report. These were overruled by the trial court, whose final judgment accepted the report in toto. Lockhart's motion for a new trial was denied and he appealed.
In his report the special master expressly stated that the parties did not desire a court reporter or a transcription of the testimony. Accordingly, no transcript of the evidence exists. Furthermore, the defendant has not sought to avail himself of the remedial provisions of Rule 10 (d) or (e), ARAP (dealing with the rights of parties to prepare statements of the evidence). The defendant, on the other hand, bases his objection on the contents of a "summary" of the testimony prepared by the master containing "pertinent and material" evidence of the witnesses, but which obviously did not contain all of the evidence before him. In that connection we note also that upon the hearing conducted by the trial court on the objections to the master's report, the trial court heard the special master's testimony, the statements and objections of counsel, and considered the entire report as well. Some of this evidence (none of it having been recorded) may have influenced the decision of the trial court in its own findings. The principle is well established that this Court will not disturb factual findings and conclusions of the trial court when it affirmatively appears that there was evidence before the trial court which is not in the record on appeal. Smith v. Haynes, Ala., 364 So.2d 1168 (1978); Barnett v. Millis, 286 Ala. 681,246 So.2d 78 (1971). In this case that principle applies through the special master's role under the powers granted him, as well as to the findings made by the trial court itself. See Rule 53 (e), ARCP; cf. Davis v. Davis, 274 Ala. 277,147 So.2d 828 (1962).
For the purposes of this appeal apparently the defendant has considered that the special master's "summary" equated a transcription of the evidence. Although we cannot agree with that position, as explained above, in an excess of caution we have examined the defendant's objection. It deals with the reception into evidence of testimony of a certified public accountant concerning responses he received from letters of inquiry he directed to customers of R.L. H., and exhibits on that subject, in order to establish the gross receipts of the partnership. The master also found as a fact that the defendant himself had later introduced evidence detailing the same facts and circumstances contained in the evidence objected to earlier, and he concluded that the defendant had waived his objection. Because the trial court adopted the master's report, his action was tantamount to the same ruling, which we deem correct. Cf. Bailey v. Tennessee Coal, Iron Railroad Company,261 Ala. 526, 75 So.2d 117 (1954); McElroy, Alabama Evidence, 3rd ed. § 426.01 (20).
Under this state of the record we cannot conclude that the judgment of the trial court refusing to grant a new trial was *Page 426 
plainly erroneous and unjust. Nix v. Wells, Ala., 355 So.2d 337
(1978). Therefore, the trial court's order denying the motion for a new trial cannot be reversed.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.