This appeal by Jessie J. Limbaugh is from a final judgment which denied him relief by way of declaratory judgment and the writ of mandamus to order back pay and reinstatement to his position as a Deputy Sheriff of Jefferson County.
His action seeking that relief is against Melvin Bailey, as Sheriff of Jefferson County; Henry P. Johnston, James B. Johnson and Hiram Y. McKinney, as members of the Personnel Board of Jefferson County; and Tom Gloor, Ben Erdreich and Chriss Doss as members of the Jefferson County Commission.
Limbaugh, a classified employee of Jefferson County, subject to and governed by the civil service laws relating to Jefferson County employees and the rules and regulations of the Jefferson County Personnel Board, was dismissed by Sheriff Melvin Bailey on 6 May 1975 without a pretermination hearing. Limbaugh appealed to the Personnel Board which, on 17 October 1975, upheld the dismissal after a full evidentiary hearing. During the pendency of that appeal he filed an action in the United States District Court seeking damages and injunctive relief under the authority of Arnett v. Kennedy, 416 U.S. 134,94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).
On 13 September 1976, the federal district court voided Limbaugh's dismissal. That court noted that under Thurston v.Dekle, 531 F.2d 1264 (5th Cir. 1976), it had no jurisdiction to award back pay. It held that where full evidentiary hearings are postponed until after termination as in this case, pretermination requirements of due process include at a minimum: (1) written notice of the reasons for termination and (2) an effective opportunity to rebut those reasons. The district court found the latter lacking.
Based on the district court order, the Jefferson County Circuit Court, to which Limbaugh had meanwhile appealed the 17 October 1975 Personnel Board action upholding the 6 May 1975 dismissal, remanded the case to the Personnel Board.
On 13 September 1976, prior to consideration by the Personnel Board on remand, Sheriff Bailey, on his own initiative, reinstated Limbaugh pursuant to the order of the district court. Accordingly, the Personnel Board treated the matter as moot on remand and took no further action on it.
On 24 September 1976, Limbaugh was again dismissed. On 3 December 1976, after a hearing, the Personnel Board sustained this second dismissal. On 6 January 1978, the circuit court reversed the Personnel Board for admitting and considering testimony taken at the 17 October 1975 hearing in connection with the first dismissal. On remand, the Personnel Board, on 2 March 1978, again upheld the second dismissal. An appeal of the Personnel Board's 2 March 1978 decision was pending in circuit court on 27 December 1979 when the judgment was entered which is the subject of this appeal. This action, which was resolved by that judgment, was commenced on 17 July 1978.
Regarding the first dismissal of 6 May 1975, the trial court held that back pay was not allowable because: (1) mandamus is not an appropriate remedy for asserting a claim to recover damages for the tort of wrongful dismissal; and (2) the statute of limitations barred the claim.
With respect to Limbaugh's claims arising out of the second dismissal of 24 September 1976 and the Personnel Board's action on 2 March 1978 upholding that dismissal, the trial court found this was not a proper subject for mandamus since a means of appeal to the circuit court was provided by § 666, Vol. 14B, Appendix, Code of Alabama 1940 (Recompiled 1958). He had such an appeal pending at the time judgment in this case was entered.
The case below was tried without a jury and on appeal Limbaugh only designated:
 Designation of Register's Record
Appellant requests the Register to include in the Register's Record all pleadings and orders in this cause, except those items contained in Rule 10 (a) ARAP. *Page 965 
Although Limbaugh did not designate any exhibits or a transcript of the testimony, it is clear from the judgment that this case was submitted upon written stipulation of facts, testimony, and documentary evidence presented in open court.
The issues before us may be stated as follows:
(1) Whether the sheriff's reinstatement of Limbaugh made the case on remand to the Personnel Board moot regarding the first dismissal?
(2) Whether this action is barred by the statute of limitations?
(3) Whether mandamus is an appropriate remedy in this case?
We first consider whether Sheriff Bailey's reinstatement of Limbaugh rendered the case regarding the first dismissal on remand to the Personnel Board moot.
The United States District Court had no jurisdiction to award back pay in this case. Thurston v. Dekle, 531 F.2d 1264 (5th Cir. 1976). It only had the power to make a determination of whether Limbaugh was terminated in a manner that satisfies the requirements of due process of law under the Fourteenth Amendment. Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633,40 L.Ed.2d 15 (1974). The federal district court found the manner of his dismissal violated due process of law requirements and voided that dismissal.
When Sheriff Bailey reinstated Limbaugh on 13 September 1976, there was no area of operation left for the Personnel Board after the case regarding the first dismissal was remanded to it by the circuit court. The Personnel Board is authorized to order reinstatement of an employee under such conditions as the Board may determine. Vol. 14B, Code of Ala. 1940, Appendix, § 666 (Recompiled 1958). Limbaugh's claim for back pay is a tort action for damages on account of the injury caused by the failure to dismiss him in accord with due process of law requirements. Jefferson County v. Reach, 368 So.2d 250 (Ala. 1978). The Jefferson County Personnel Board is not authorized to consider tort claims for damages because of wrongful dismissal. Therefore we conclude that, upon reinstatement of Limbaugh after his dismissal, the matter on remand to the Personnel Board was moot.
We will now consider whether an appropriate statute of limitations barred any of the claims asserted by Limbaugh in this action.
A plaintiff is allowed one year from the date of an alleged wrongful dismissal to commence proceedings. Code 1975, §6-2-39; Jefferson County v. Reach, 368 So.2d 250 (1979). The first dismissal occurred on 6 May 1975, and even if the statute of limitations with regard to the first dismissal was tolled until Limbaugh's reinstatement on 13 September 1976, more than one year from that date expired before the filing of this action on 17 July 1978. We have previously determined Limbaugh's reinstatement made the remanded case involving that first dismissal moot when it got back before the Personnel Board. As of 13 September 1976, no administrative proceeding requiring action or decision was before the Board regarding the first dismissal. Furthermore, in the present state of the record it appears that the constitutionality of the dismissal was never raised in state court nor was any action ever commenced against Jefferson County for damages for wrongful dismissal. The federal district court's memorandum opinion noted that plaintiff elected not to raise his constitutional claims in state court proceedings and thus reserved the right to litigate them in federal court. Cf. Jennings v. Caddo ParishSchool Board, 531 F.2d 1331 (5th Cir. 1976). We conclude that claims for damages for wrongful dismissal arising out of the first dismissal are barred by the statute of limitations.
Regarding the second dismissal, we must consider whether mandamus is the proper remedy.
Mandamus will lie against an official where there is a clear specific ministerial act that remains to be done and not where the official's duty to perform rests *Page 966 
within his discretion or upon the ascertainment of facts or conditions which he must determine according to his discretion.McDowell-Purcell, Inc. v. Bass, 370 So.2d 942 (Ala. 1979). Under the facts of this case, we cannot conclude that only the ministerial act of reinstatement with back pay remained to be done respecting the second dismissal. Because an appeal was pending to determine the correctness of the Personnel Board's denial of such relief when the judgment below was entered, mandamus is clearly an inappropriate remedy in this case.Echols v. Housing Authority of Auburn, 377 So.2d 952 (1979). Moreover, because it affirmatively appears there was evidence before the trial court which is not in the record on this appeal, we must conclude that the evidence was sufficient to sustain the judgment. Lockhart v. Robbins, 386 So.2d 424 (Ala. 1980); Valley Mining Corporation, Inc. v. Metro Bank,383 So.2d 158 (1980). The judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, BEATTY and ADAMS, JJ., concur.