HOLMES, Judge.
Harbin sued the City of Gadsden, alleging wrongful termination of employment. Harbin sought reinstatement as a police officer and back pay. A trial de novo was held in the Circuit Court of Etowah County and a jury returned a verdict which reinstated Harbin and awarded her back pay and benefits from the date of her dismissal. The City of Gadsden appeals and we reverse.
The dispositive issue is whether Harbin’s claim is barred by § 6-2-39, Code of Ala.1975, the one year statute of limitations on tort actions.
The record reveals the following facts:
On March 28, 1977, Harbin was employed by the City of Gadsden as a police officer. Her employment was terminated by the chief of police on March 3, 1978. She was not given a pretermination hearing.
On March 9, 1979, one year and six days after the date of her dismissal, Harbin initiated proceedings with the Gadsden Civil Service Board alleging that she was entitled to a pretermination hearing; that she was not afforded such a hearing, and that her dismissal was, therefore, wrongful. She sought reinstatement and back pay to March 3, 1978. On May 1, 1979, the civil service board reinstated Harbin as of March 9,1979, but failed to award her backpay for the period from March 3, 1978, to March 9, 1979.
On May 9, 1979, Harbin, pursuant to Art. 22, § 1203(14), Code of Alabama 1940, Appendix (Cum.Supp.1965), appealed by trial de novo to the Circuit Court of Etowah County. Again, Harbin alleged wrongful termination of employment and sought reinstatement and back pay to March 3,1978. The trial court overruled the City of Gadsden’s motions for summary judgment and directed verdict and a jury returned a verdict which reinstated Harbin and awarded her back pay and full benefits from March 3, 1978.
As stated above, the dispositive issue is whether Harbin’s claim is barred by the one year statute of limitations set forth in § 6-2-39, Code of Ala.1975.
We find § 6-2-39 is applicable in the instant case. The dismissal of a public employee who is entitled to a pretermination hearing, without such a hearing, is a wrongful act constituting a tort under Alabama law and the dismissed employee’s claim for reinstatement and back pay are tort claims subject to the one year statute of limitations set forth in § 6-2-39. Limbaugh v. Johnston, 393 So.2d 963 (Ala., 1981); Jefferson County v. Reach, Ala., 368 So.2d 250 (1979). Put another way, a former public employee has one year from the date of his dismissal to commence proceedings to contest the legality of his dismissal and secure reinstatement and back pay. Limbaugh v. Johnston, supra; Jefferson County v. Reach, supra.
In the instant case, Harbin claimed that on March 3, 1978, her employment as a police officer was wrongfully terminated. She contested the legality of her dismissal and sought reinstatement and back pay by initiating proceedings before the Gadsden Civil Service Board on March 9, 1979, and by appealing by trial de novo to the Circuit Court of Etowah County on May 9, 1979. In both instances the proceedings were commenced more than one year from the date of Harbin’s dismissal.
However, Harbin through able counsel contends that, even if § 6-2-39 is applicable to her claim, the Code section does not bar her claim in this instance. She argues, first, that the City of Gadsden waived the statute of limitations defense by failing to assert it in the proceedings before the civil service board and, second, that the running of the statute of limitations was tolled by the City of Gadsden’s fraudulent concealment of her cause of action.
Our review of the record discloses that the City of Gadsden did not assert the statute of limitations as a defense before the civil service board. The City of Gadsden did, however, assert the statute of limitations in the circuit court.
As stated above, the trial of Harbin’s claim in the circuit court was de novo. *709 A trial de novo is a new trial in which the whole case is gone into as if no prior proceedings had occurred. Hendon v. City of Florence, Civ. 2598 (Ala.Civ.App., Feb. 4, 1981); Smith v. Civil Service Board of the City of Florence, 52 Ala.App. 44, 289 So.2d 614 (1974); Alabama Equity Corp. v. Hall, 46 Ala.App. 143, 239 So. 2d 215, cert. denied, 286 Ala. 731, 239 So.2d 220 (1970). Stated differently, the parties proceed upon a “clean slate” in the circuit court and there is nothing to prevent a party from asserting a defense for the first time. For this reason, we find that the City of Gadsden did not waive its statute of limitations defense by failing to assert it before the civil service board.
With respect to Harbin’s second contention, the record discloses that the primary question before the circuit court was the propriety of Harbin’s dismissal, specifically whether Harbin was or was not a probationary employee at the time of dismissal. Stated differently, the issue before the circuit court was whether the probationary period was six months or one year. Harbin contends the probationary period was six months and that the City of Gadsden fraudulently concealed her cause of action by representing to her that the probationary period was one year.
It is well settled that a fraudulent concealment of a tort or injury by the defendant will toll the running of the statute of limitations until the tort or injury is discovered or could have been discovered by due diligence. Garrett v. Raytheon Co., Inc., Ala., 368 So.2d 516 (1979). However, our review of the record fails to reveal evidence sufficient to sustain Harbin’s allegation on appeal of fraudulent concealment. See, Lovell v. Smith, 232 Ala. 626, 169 So. 280 (1936). Specifically, the record, rather than disclosing evidence of fraudulent concealment, discloses evidence indicating that there was a difference of opinion within the police department as to the length of the probationary period. On the one hand the civil service board’s published rules provided that the probationary period for police officers was six months. In addition, several of Harbin’s superior officers testified that the probationary period was six months. On the other hand, the City of Gadsden presented evidence to the effect that the civil service board amended its rules to extend the probationary period from six months to one year and that the chief of police acted pursuant to thi? rule change. Further, there is evidence that Harbin was aware of the discrepancy between the published civil service rules and the chief of police’s position at the time she was dismissed. Hence, it is clear to this court that the evidence does not support a contention of fraudulent concealment.
We would further note that, as indicated above, our review of the record reveals the case as tried in the circuit court did not proceed on a fraudulent concealment theory. On appeal, a case will not be reviewed on a theory different from that on which it was tried. See, Jackson v. Brantley, Ala.Civ.App., 378 So.2d 1109, affirmed, 378 So.2d 1112 (1979).
Summarizing, we find that Harbin’s claim of wrongful termination of employment is a tort claim subject to the one year statute of limitations set forth in § 6-2-39, Code of Ala.1975; that the City of Gadsden did not waive the statute of limitations defense; and that the one year limitations period expired on March 3, 1979, without being tolled. In short, we find that Harbin’s claim is time barred by § 6-2-39, Code of Ala.1975.
The above being dispositive, discussion of the other issues presented by the City of Gadsden is pretermitted.
The case is due to be reversed and remanded.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THE ABOVE.
WRIGHT, P. J., and BRADLEY, J., concur.