SHORES, Justice.
Plaintiffs appeal from a summary judgment granted in favor of defendant in this action to recover for personal injuries and property damage resulting from a collision with two cows. We affirm.
Jerry Cochran and his wife, Louise Cochran, filed a complaint against C.C. Williams, alleging that on October 25, 1983, Williams knowingly or willfully caused or allowed two of his cows to run at large upon Lott Road, a public road in Mobile County. They alleged that on that date, Jerry Cochran was driving his truck, in which his wife was a passenger, along Lott Road, when the truck collided with the two cows, causing personal injury to Jerry Cochran and damage to his truck. The complaint also stated a cause of action for loss of consortium on behalf of Louise Cochran. The trial court granted summary judgment in favor of Williams, and the Cochrans appealed.
The material facts, established by answers to interrogatories and affidavits, are not in dispute. Between 10:00 and 11:00 p.m. on October 25, 1983, Jerry Cochran’s truck collided with two cows owned by Williams on Lott Road, a public road in Mobile County. The cows were usually kept in a fenced pasture adjacent to Lott Road. Approximately 150 yards from the point of the collision, a tree had been blown down across a portion of the fence. Williams regularly checked his fences to insure that they were in good repair. He mended the break in the fence around 4:30 p.m. on the day of the collision and at that time saw no cows outside the fence. Williams returned at approximately 9:00 p.m. that evening and checked the area near the break again for any cows that may have escaped the confine of the fence, but saw none. There were no other known breaks in the fence.
The Cochrans contend that these facts present a jury issue as to whether Williams knowingly or willfully caused or allowed the two cows to run at large on Lott Road, within the contemplation of § 3-5-3, Ala. Code 1975. That is the sole issue on appeal.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a *169 matter of law. Rule 56(c), A.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v. Phillips, 404 So.2d 614 (Ala.1981).
Section 3-5-3, Ala.Code 1975, in pertinent part, states as follows:
“The owner of such livestock or animal being or running at large upon the premises of another or upon the public lands, roads, highways or streets in the state of Alabama shall be liable for all damages done to crops, shade or fruit trees or ornamental shrubs and flowers of any person, to be recovered before any court of competent jurisdiction; provided, that the owner of any stock or animal shall not be liable for any damages to any motor vehicle or any occupant thereof suffered, caused by or resulting from a collision with such stock or other animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such public highway, road or street where such damages were occasioned.” (Emphasis added.)
In Jackson v. Brantley, 378 So.2d 1112, 1114 (Ala.1979), the Court, construing § 3-5-3, supra, stated:
“Our cases have consistently held that there is no cause of action under § 3-5-3 for a plaintiff-motorist who is injured because his car collided with livestock which had strayed onto a highway through the negligence, gross negligence or recklessness of its owner. In Randle v. Payne, 39 Ala.App. 652, 107 So.2d 907 (1958), where a bull owner was being sued under Code 1940, Tit. 3, § 79, (the predecessor of § 3-5-3) by the driver of a truck that collided with the bull on Highway 11, the Court of Appeals held: ‘There must be proof to the effect that the owner of the stock knowingly or wil-fully placed the stock upon the public highway.’ Randle, supra, 39 Ala.App. at 656, 107 So.2d at 910. In McGough v. Wilson, 273 Ala. 179, 137 So.2d 43 (1962), which case likewise involved the collision of a motor vehicle and a bull on a public highway, this court took note of the Ran-dle decision and stated: ‘[I]ts majority opinion held, in effect, that an owner of livestock is not liable in damages to a motorist involved in a collision with his livestock for negligence in permitting the stock to be on the highway in view of the statute.’ McGough, supra, 273 Ala. at 182, 137 So.2d at 45. In McGough this court added:
“ ‘Knowingly and willfully doing an act is different from inadvertently doing the same act, OR PERMITTING IT TO BE DONE THROUGH INADVERTENCE OR NEGLIGENCE.’
McGough, supra, 273 Ala. at 182, 137 So.2d at 45 [emphasis in Jackson ].
“In reference to the two cases referred to above, the Court of Civil Appeals in Carter v. Alman, 46 Ala.App. 633, 247 So.2d 676 (1971), a factually similar case, stated:
“ ‘THESE CASES PLAINLY STATE THAT FOR RECOVERY, A MOTORIST MUST SUBMIT PROOF THAT THE OWNER OF THE FEASANT BEAST PLACED OR PUT IT UPON THE HIGHWAY WITH A “DESIGNED SET PURPOSE, INTENTION, OR DELIBERATION.” EVIDENCE OF NEGLIGENCE OR GROSS CARELESSNESS IS NOT ENOUGH. There was no evidence introduced by appellant in the trial below with the slightest tendency to indicate acts of such nature by appellee.’
Carter v. Alman, 46 Ala.App. at 635, 247 So.2d at 677 [emphasis in Jackson ].
“Justice Maddox explained the legislative intention behind Code 1940, Tit. 3, § 79 (the predecessor of Code 1975, § 3-5-3) in the following language:
“ ‘WE THINK THE LEGISLATURE, IN ADOPTING THE PROVISO IN SECTION 79 INTENDED TO MAKE THE OWNER OR KEEPER OF STOCK IN AREAS OUTSIDE MUNICIPALITIES (which had adopted stock laws or which enacted stock laws afterward) LIABLE FOR DAMAGES IN MOTOR VEHICLE ACCIDENTS CAUSED BY LIVESTOCK ONLY *170 WHERE THE OWNER OR KEEPER KNOWINGLY OR WILFULLY PLACED OR PUT THE LIVESTOCK ON THE HIGHWAY, ROAD OR STREET.’
Chandler v. Waugh, 290 Ala. 70 at 74, 274 So.2d 46 at 49 (1973) [emphasis in Jackson ].”
Applying the law to the undisputed material facts in this case, there is no evidence that Williams knowingly or willfully put or placed the two cows onto the public road. There was, therefore, no error in granting summary judgment in Williams’s favor.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX and BEATTY, JJ., concur.
JONES, J., concurs in the result.