HOLMES, Judge.
This is an employee termination case.
The basic subject matter of this case is on appeal for the third time, having been before this court in Head v. Gadsden Civil Service Board, 389 So.2d 516 (Ala.Civ. App.), cert, denied, 389 So.2d 520 (Ala.1980), and before the Alabama Supreme Court in City of Gadsden v. Head, 429 So.2d 1005 (Ala.1983). Interested persons may wish to refer to these prior decisions.
The employee allegedly resigned from his job as a policeman for the City of Gadsden (the City), but shortly thereafter he claimed that his resignation had not been knowingly and willingly tendered, and he applied for a hearing before the Civil Service Board of the City of Gadsden (the Board).
After the two appeals mentioned above, the Board entertained the employee’s case and ruled that he had voluntarily resigned. The employee then appealed to the Etowah County Circuit Court for a trial de novo, as provided by Act 1951, No. 671, § 13, and requested a jury trial. The jury found that the employee’s resignation had been involuntary, and the circuit court entered a judgment on that verdict. From this judgment the City appeals. We reverse and remand.
The dispositive issue is whether the circuit court erred in refusing to allow the City to present to the jury its claim that the employee should be dismissed, regardless of whether his signature was voluntary or not, due to certain alleged wrongful conduct by him.
The City raised this issue in the circuit court in the form of a “counterclaim,” by attempting to consolidate with the present case the counterclaim it had filed in one of the earlier appeals to the circuit court, docketed as CV-79-879-S. The circuit court denied the motion to consolidate.
From the record it clearly appears that the issue of the employee’s wrongful conduct was raised by the City when the case was presented to the Board on June 20, 1983. Because the Board held that the employee’s resignation was voluntary and denied his petition for reinstatement, however, the Board did not make an express ruling on the City’s charges or counterclaim that the employee was due to be dismissed due to wrongful conduct. Such a ruling was obviously unnecessary. Nevertheless, the circuit court specifically refused to allow the City to present the issue to the jury in the trial de novo because the Board had not made such an express ruling.
When this case was before the Alabama Supreme Court on its second appeal, that court reversed a judgment which had been entered by the circuit court in favor of the employee because that judgment had been rendered before the case had ever been presented to the Board and the latter given an opportunity to rule. The supreme court held: “In order for the circuit court to acquire jurisdiction, the issues must first be presented to the board and an appeal perfected according to the statutory provisions. Here, the case was never heard by the civil service board, although it did have jurisdiction.” Head, 429 So.2d at 1007-08 (emphasis supplied). Accord, Gadsden Civil Service Board v. Phillips, 447 So.2d 749 (Ala.Civ.App.1984).
The learned trial judge, in this court’s opinion, misinterpreted the supreme court’s mandate in the second appeal of this case to require that, before the circuit court could acquire jurisdiction of an issue, the Board must make an express ruling on it. The Head ruling requires only that the issues have been presented to the Board.
The record reveals that the issue of the employee’s alleged wrongful conduct was in fact presented to the Board. The latter’s final order stated: “We do not reach the issue of the charges/counterclaim filed by the City of Gadsden against John S. Head [the employee], because that issue is made moot by our decision.” The *1082 employee would have us ignore this plain indication that the issue was presented to the Board by focusing on the fact that in the circuit court the City raised the issue by attempting to consolidate with the case the counterclaim it had filed earlier in CV-79-879-S before the employee’s claim and the wrongful conduct issue were presented to the Board. We disagree with the employee. Although the City’s method of raising the issue of the employee’s wrongful conduct may have been unusual, the City was nevertheless entitled to address the matter in the circuit court since it had clearly been presented to the Board. In other words, though the counterclaim filed by the City in CV-79-879-S had not first been presented to the Board, the issues addressed in that counterclaim were presented to the Board on June 20, 1983, following the remand of CV-79-879-S. All parties understood that the issue of the employee’s wrongful conduct had been presented to the Board on June 20, 1983, and that the City had raised the same issue in the trial de novo through its motion to consolidate.
Our present holding is one couched in terms of basic fairness. It is not contended here that the City never presented to the Board the issue of the employee’s alleged wrongdoing as grounds for his dismissal. It would be manifestly unfair for a party to be barred on “appeal” from presenting an issue raised at trial because the first tribunal, whether a court or an administrative board, found no need to address that issue in its final order.
This is particularly the case here where the judicial review provided for by Act 1951, No. 671, § 13, is a trial de novo in the circuit court.
“A trial de novo is a new trial in which the whole case is gone into as if no prior proceedings had occurred. ... Stated differently, the parties proceed upon a ‘clean slate’ in the circuit court and there is nothing to prevent a party from asserting a defense for the first time.”
City of Gadsden v. Harbin, 398 So.2d 707, 709 (Ala.Civ.App.1981) (citations omitted). Accord, Walker v. Eubanks, 424 So.2d 631, 633 (Ala.Civ.App.1982). Because of the nature of a de novo trial, this court has held that a plaintiff may add new theories of relief in a de novo trial in circuit court which were not pleaded in district court, Holcomb v. Morris, 457 So.2d 973 (Ala.Civ.App.1984); Walker, 424 So.2d at 633, and a defendant may assert a defense in a trial de novo in the circuit court which was not asserted in the trial before the Board. Harbin, 398 So.2d at 709.
In view of the above, we pretermit the other issues raised by the City on appeal.
This case is reversed and the cause remanded to the circuit court for proceedings not inconsistent herewith.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J„ concur.