BLOODWORTH, Justice.
The question on this appeal is whether defendants are liable to plaintiffs for damages resulting from a collision of plaintiffs’ automobile with defendants’ cow on a public highway, not within a municipality or its police jurisdiction, when there is no evidence that the defendants knowingly or wilfully put or placed the cow upon the highway. We answer in the negative and affirm the trial court’s judgment for defendants.
A complaint filed by the plaintiffs alleges that plaintiff Marvin G. Coxwell was operating a motor vehicle with his wife Louise Coxwell as a passenger on October 12, 1975, upon a public highway in Lee County when the vehicle struck a cow owned by defendants. The complaint charges the defendants knowingly or wilfully put or placed said cow upon said public highway and that as a proximate consequence of the collision, the plaintiffs suffered personal injuries and damages.
To the complaint, defendants pled not guilty, the averments of the complaint are untrue, neither of the defendants “knowingly or wilfully put or placed” the cow upon the public highway, and contributory negligence.
*963 Plaintiffs stipulated that there was no evidence that the defendants “knowingly or willfully put or placed said cow upon said public highway” and “that the locale in question was not within any municipality or its police jurisdiction.” The case was submitted to the Court on the pleading, pretrial order and the written stipulations.
Whereupon, the court entered final judgment finding for the defendants. Thereupon, the plaintiffs appealed.
The plaintiffs assert that the only issue presented to us for review “is whether the proviso contained in Section 3-5-3, Code of Alabama, 1975, precludes an action against the owner of livestock for negligently allowing such livestock to go at large upon a highway and cause an automobile-cow collision.” The defendants correctly assert that this is not the issue since it was not raised by the pleadings and proof.
The allegations of the complaint are that defendants “knowingly or willfully put or placed said cow upon said public highway,” clearly bringing the cause of action within the terms of § 3-5-3, supra, which provides as follows:
“(a) The owner of such livestock or animal being or running at large upon the premises of another or upon the public lands, roads, highways or streets in the state of Alabama shall be liable for all damages done to crops, shade or fruit trees or ornamental shrubs and flowers of any person, to be recovered before any court of competent jurisdiction; provided, that the owner of any stock or animal shall not be liable for any damages to any motor vehicle or any occupant thereof suffered, caused by or resulting from a collision with such stock or other animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such public highway, road or street where such damages were occasioned.
“(b) The judgment of the court against the owner of such livestock or animal so depredating shall be a lien superior to all other liens on the livestock or animal causing the damage, except as to taxes.” [Emphasis ours.]
Plaintiffs appear on this appeal to be trying to raise the applicability of § 3-5 — 2, which provides as follows:
“(a) It shall be unlawful for the owner of any livestock or animal, as defined in Section 3-5-1, to knowingly, voluntarily, negligently or wilfully permit any such livestock or animal to go at large in the state of Alabama either upon the premises of another or upon the public lands, highways, roads or streets in the state of Alabama.”
In brief, they argue that we should reconsider our line of cases regarding the “stock laws” and hold that only negligence on the part of an animal owner “need be shown before recovery can be obtained as a result of an automobile-livestock collision.”
Since this issue is not presented to us by the pleadings and proof, we are not obliged to reexamine our cases.
However, Presiding Judge Harwood (later a member of this Court) in Randle v. Payne, 39 Ala.App. 652, 107 So.2d 907 (1958), cert. denied, 268 Ala. 697, 107 So.2d 913 (1959), undertook to trace the history of the “open” and “closed” range laws in this state, and the applicability of the comprehensive livestock law passed by the legislature in 1939, [then codified as Tit. 3, §§ 77-101, Code of 1940, now 3-5-1, Code 1975, et seq.]. The majority of that court concluded that the livestock owner was not liable for damage to an automobile in an automobile-livestock collision on the public highway unless there was proof that the owner placed the livestock upon the public highway knowingly or wilfully. Plaintiffs have urged that we adopt Judge Cates’ dissent in that case. We point out that the law of that case has been consistently followed in Alabama for the past twenty years. See the recent decision authored for this Court by Justice Maddox in Chandler v. Waugh, 290 Ala. 70, 274 So.2d 46 (1973).
The result we reach is dictated by the rule of our cases that there is nothing for this Court to review when there is no proof offered to establish the allegations of *964 the complaint. Hanna v. Riggs, 333 So.2d 563 (Ala.1976).
In the case at bar, just as in Randle v. Payne, supra, there is no proof that the defendants placed the cow upon the highway knowingly or wilfully; therefore, plaintiffs have failed to offer proof to support the allegations of their own complaint. The stipulations' stated the locale in question was not within a municipality or police jurisdiction. The case is therefore due to be affirmed.
AFFIRMED.
FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.