BRADLEY, Judge.
The instant appeal arises out of facts surrounding and events occurring subsequent to the supreme court’s decision of Williamson v. Matthews, 379 So.2d 1245 (Ala.1980). In that case Carolyn Ann Williamson, appellee herein, entered into a real estate sales contract and deed for the conveyance of her home to the Matthewses at a time when foreclosure was threatened on the property. Having learned of the threatened foreclosure through the newspaper, Etowah County attorney Virgil M. Smith appeared at Ms. Williamson’s home to discuss the matter with her. Ms. Williamson, in the presence of her son, informed Smith that she had expected to sell her home for $17,000 but that she had actually received $1,700 in the transaction. On the following day Ms. Williamson and her son went to Smith’s office where Smith prepared to file suit to have the abstract and deed to the Matthewses set aside on the ground of lack of capacity on Ms. Williamson’s part. While she was in his office, Smith advanced $500 to Ms. Williamson and took back a note and mortgage on her home. Following an adverse ruling in the circuit court, Smith pursued an appeal on Ms. Williamson’s behalf to the supreme court where she was successful in having the conveyance to the Matthewses set aside on the grounds of gross inadequacy of consideration and mental incapacity brought on by alcoholism.
Subsequently, when Smith began foreclosure proceedings on the property, Ms. Williamson and her mother, Dura P. Logan, to whom Ms. Williamson had conveyed the property on October 3, 1980, obtained a temporary restraining order to prevent the attorney’s actions. Smith thereafter filed an answer and cross-bill, claiming that Ms. Williamson owed him $6,633.09 for money advanced to her, attorney’s fees, various litigation expenses, and payments made on her first mortgage. In a judgment rendered on December 17, 1981, the trial court held that the mortgage proposed by Smith was void and that he was permanently enjoined from foreclosing on it. The trial court further awarded Smith $3,223.59 as attorney’s fees and litigation expenses and $3,642.03 for money advanced and first mortgage payments. The trial court specifically stated that the $3,642.03 judgment would not constitute a lien against Ms. Williamson’s home. From that judgment Smith has appealed to this court.
Appellees have filed a motion pursuant to rule 38, Alabama Rules of Appellate Procedure, requesting that they be awarded damages and costs on the ground that the ap *600 peal is without merit and is frivolous. We deny this motion.
Smith advances the position that the trial court erred in granting a permanent injunction to prevent him from foreclosing the mortgage on Ms. Williamson’s home. In so arguing he cites language from Williamson v. Matthews, supra, a case he argued and won before the Supreme Court of Alabama, where the court said:
“Our rule in such a case is that a party cannot avoid, free from fraud or undue influence, a contract on the ground of mental incapacity, unless it be shown that the incapacity was of such a character that, at the time of execution, the person had no reasonable perception or understanding of the nature and terms of the contract. Weaver v. Carothers, 228 Ala. 157, 160, 153 So. 201 (1934).”
Smith relies heavily on that line of cases which says that mental incapacity brought on by drinking or alcoholism, per se, is not sufficient, in and of itself, to render a contract voidable and that it must also be shown that the party lacked the ability to comprehend the nature of the instrument or the transaction or that fraud or undue influence was present. See Williamson v. Matthews, supra; Snead v. Scott, 182 Ala. 97, 62 So. 36 (1913). In essence, Smith takes the position that while Ms. Williamson had been drinking on the morning that she executed the mortgage to him, the transaction was still valid because she had sufficient capacity to understand the nature of the act, and it was free from fraud and undue influence.
To accept Smith’s position would require us to ignore certain subtle ironies arising from the facts of this appeal and the nature of the fiduciary relationship between attorney and client. The transaction between Ms. Williamson and the Matthewses which was eventually set aside by the supreme court on the ground of mental incapacity occurred on October 11, 1978. The record indicates that on that evening Smith appeared unsolicited at Ms. Williamson’s home and assured her that he could help her with her legal problem. All of this occurred at a time in which Ms. Williamson and her son were planning to contact Legal Aid for assistance because she lacked the money to hire a private attorney. In overturning the contract and deed to the Matthewses, the supreme court found that Ms. Williamson was incapable of understanding the nature of the transaction and also found that her intoxication, coupled with the gross inadequacy of consideration, supported this result. Williamson v. Matthews, supra. The record indicates that Ms. Williamson executed the note and mortgage on her home to Smith on October 12, 1978, the following morning. The record further shows that Ms. Williamson had consumed a pint of one-hundred proof vodka and that she remained in an agitated state over the sale of her home. To hold that Ms. Williamson was incapable of understanding the nature of the transaction with the Matthewses and then to hold that she was able to comprehend the nature of her dealings with Smith would be to reach illogical results, especially in light of the facts presented at trial.
Similarly, we find no merit in Smith’s contention that even if Ms. Williamson was suffering from diminished mental capacity, the second mortgage was still binding because no fraud or undue influence was involved. In Fortune v. Boutwell, 271 Ala. 592,126 So.2d 116 (1960), our supreme court said that “[u]ndue influence which is required to avoid a conveyance must proceed from some act of dominance or coercion over the will of the grantor.” Moreover, the supreme court in Verner v. Mosely, 221 Ala. 36, 127 So. 527 (1930), stated:
“The rules of administrative procedure in cases involving transactions inter vi-vos, where one party stands in relation of trust and confidence to the other, such as is here involved, attorney and client, trustee and cestue que trust, where the dominant party — and in this relation the attorney or trustee is regarded as the dominant party — receives or derives a benefit or advantage from a transaction during the existence of such relation, the party reposing the confidence, on seasonable application to a court of equity, may ob *601 tain relief from the burden of such transaction, by showing the transaction and the confidential relations, unless the person receiving the benefit overcomes the presumption of undue influence by evidence which reasonably satisfies the judicial mind that the transaction “ was in every respect just, fair, and equitable.” (Citations omitted.)
Ms. Williamson and her son testified that she had gone to Smith’s office to seek his legal advice in connection with the sale of her home to the Matthewses. She further testified that Smith prepared to seek in-junctive relief on her behalf. In so doing she established that a confidential relationship existed in terms of Verner v. Mosely, supra, and the burden was placed on Smith to show that “the transaction was in every respect just, fair, and equitable.” We find that Smith has failed to meet this burden. Rather, the record reveals that the money advanced to her was said to be an open-ended loan, and there was no mention of a mortgage on her home. The record before us fails to show any proofs by Smith that the money advanced to her was fair consideration for the mortgage he received. Having failed to establish this at trial, Smith failed to meet the burden imposed on him in Verner v. Mosely, supra. Testimony adduced at trial also shows that Smith did not allow Ms. Williamson’s son, who had advised her on and aided her in her business, to read the mortgage. For these reasons we find that Smith exercised undue influence over Ms. Williamson and that since he failed to meet his burden of showing the fairness of the transaction, the trial court properly granted the permanent injunction to prevent him from foreclosing on the mortgage.
Smith finally contends that the trial court improperly prevented him from offering evidence that the transfer of the property in question to Ms. Dura P. Logan, Ms. Williamson’s mother, was a fraudulent conveyance and that his lien was superior to her claim. We note, however, that the record of the proceedings at trial is completely devoid of any evidence on this matter and that Smith did not attempt to offer any such evidence until the hearing on the motion for rehearing. Since nothing was presented at trial on this matter, Smith cannot be heard to complain that such evidence was improperly excluded at the post-trial motion. Similarly, we are precluded from reviewing the trial court’s decision where there is no evidence to support an allegation in the cross-bill. Coxwell v. Whatley, 367 So.2d 962 (Ala.1979).
Appellee Williamson attempts to argue in her brief that the trial court erred in awarding Smith money advanced on account. Since she has failed to file notice of a cross-appeal, we are precluded from considering this matter.
For the foregoing reasons we find no error in the trial court’s decision and it is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.