STEAGALL, Justice.
This appeal arises from the denial of a motion for new trial or, in the alternative, to alter, amend, or vacate the judgment of the trial court in an action in equity regard *437 ing an alleged breach of a disputed lease agreement.
The conflict arises out of a disputed lease arrangement entered into by Mary Leo, David Worley, and Thomas Wiser on July 13, 1987. A two-page written document recorded the arrangement. The first page, signed only by Leo as lessor, was a standard lease for 24 months with certain handwritten additions, which were each separately initialled by Wiser. A second page, entitled “Contract Contingencies,” signed by Leo as lessor and by Wiser as lessee, accompanied the lease. Leo contends that although the actual lease was not signed, the two pages together represented a binding lease agreement for which both Wiser and Worley were liable. Worley and Wiser, however, contend that the occupancy constituted a tenancy-at-will relationship due to Leo’s failure to fulfill the contract contingencies listed on page two of the lease agreement. Wiser further contends that he was acting as Worley’s agent only in signing the page entitled “Contract Contingencies” and that he is, therefore, not liable for the lease obligation.
Immediately following the negotiations, Worley, doing business as Dew Realty and Auction, occupied the premises. Wiser paid rent through September 1987. In December 1987, Dew Realty and Auction vacated the premises.
In January 1988, Leo filed a suit in equity against both Worley and Wiser, seeking past-due and future rent under the lease agreement, a writ of attachment to seize certain property left on the premises, and attorney fees. The case was presented ore terms and a judgment was rendered in favor of Leo against Worley, with damages set at $28,311.44. The trial court, in its final judgment, dismissed the suit as against Wiser and denied recovery of attorney fees. Following the issuance of the judgment, Leo filed a motion for a hearing to set attorney fees, which was denied. Leo then filed a motion to alter the judgment or, in the alternative, for a new trial as to the issue of Wiser’s liability, in conjunction with a motion for new trial on the issue of attorney fees. The trial court denied these motions, as well as Worley’s motion for a new trial. Leo appeals, raising the following issues:
1. Whether the trial court erred in finding that Wiser was not liable to Leo for the lease obligations.
2. Whether the trial court erred in denying Leo’s motion for new trial on the issue of Wiser’s liability.
3. Whether the trial court erred in denying Leo’s motion for new trial on the issue of attorney fees.
This Court has previously stated the appropriate standard of review where a non-jury case is presented ore terms:
“Where a trial court has heard evidence presented ore terms, its findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust, and such rule is especially applicable in cases in which the trial court makes its findings of fact after hearing conflicting evidence; every presumption will be indulged in favor of the court’s findings, and those findings will not be disturbed unless palpably wrong. Also, in the absence of specific findings of fact by the trial court, this court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight ... of the evidence.”
Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore, 435 So.2d 712, 714 (Ala.1983) (citations omitted).
Where, as here, the trial court heard the testimony and observed the witnesses at trial, we cannot say that the trial court’s findings were clearly erroneous or manifestly unjust. There was conflicting testimony as to whether Wiser was to be or was not to be personally liable. The trial court’s order is, therefore, due to be affirmed.
Leo also argues that the trial court erred in denying her motion for a new trial on the issue of attorney fees. While attorney fees were requested in Leo’s com- . plaint, no proof “entitling her to attorney fees was offered at trial. In the damages *438 summary submitted into evidence at trial, it was specifically stated that the issue of attorney fees was reserved for a post-trial motion. The trial court denied attorney fees following the trial and the filing of the post-trial motion, “in absence of proof pertaining to such.”
“The general rule is that error, if any, must be presented by properly invoking adverse erroneous rulings of the trial court. Error may not be argued before the Supreme Court for the first time.” Conley v. Beaver, 437 So.2d 1267, 1270 (Ala.1983) (citation omitted). Accordingly, “there is nothing for this Court to review when there is no proof offered to establish the allegations of the complaint.” Coxwell v. Whatley, 367 So.2d 962, 963-64 (Ala.1979) (citation omitted). Therefore, in the absence of any proof as to this issue submitted into evidence at trial, Leo presents nothing for the Court to review as to this issue.
Due to the foregoing, the judgment.of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.